Gus Albert JOHNSON,
Petitioner-Appellant,

v.

Mason F. HOLLEY, Warden, U. S. Penitentiary, Terre Haute, Indiana, and U. S. Board of Parole, Respondents-Appellees.

No. 74–1362.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 1975.

Decided July 25, 1975.*

As Modified on Denial of Respondents-Appellees' Petition for Rehearing
Sept. 18, 1975.
Petitioner-Appellant's Petition for
Rehearing Denied
Oct. 31, 1975.

* This appeal was originally decided by unreported order on July 25, 1975, and modified on September 18, 1975. See Circuit Rule 28. The court has subsequently decided to issue the decision as an opinion.

Ivan Bodensteiner, Susan Huber Schwandt, Valparaiso University School of Law, Valparaiso, Ind., for petitioner-appellant.

John E. Hirschman, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., Indianapolis, Ind., for respondents-appellees.

Before FAIRCHILD, Chief Judge, and SWYGERT and TONE, Circuit Judges.

TONE, Circuit Judge.

This habeas corpus proceeding presents questions relating to delay in holding a parole revocation hearing and the necessity for counsel at that hearing. Since these questions were first raised on appeal and depend on facts not inquired into by the District Court, we remand the case for an evidentiary hearing.

Petitioner, a prisoner at Terre Haute Federal Penitentiary, filed his *pro se* petition on August 22, 1973, naming the warden of the penitentiary and the United States Parole Board as respondents and alleging that petitioner was being unlawfully detained because the parole violator's warrant which led to the revocation of his parole had already been dismissed by a United States Magistrate in Buffalo, New York, in July 1972, and therefore could not properly be the subject of parole revocation proceedings a year later. On appeal, this court appointed counsel to brief the additional question of "Whether there was an unreasonable delay in the holding of a parole revocation hearing" amounting to a violation of due process, an issue not raised below, and therefore not ruled on by the District Court. Appointed counsel raises the additional question of whether petitioner should have been represented by counsel at the hearing. Our examination of these issues is not precluded by petitioner's failure to present the matters below. *Cf. Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971).

In May 1971, petitioner was paroled after serving just over six years of his 20-year sentence for armed bank robbery. On December 7 of that year, the Board of Parole issued a parole warrant application, charging him with malicious shooting and wounding, unauthorized possession of a firearm, and failure to report his change in residence to the appropriate parole officer. These charges were based in part on a November 1971 indictment in Kentucky on which a state warrant for his arrest had been issued. On December 13, 1971, a separate federal complaint was lodged against him, charging unlawful flight to Canada to avoid prosecution. The parole warrant application was supplemented on January 4, 1972, to reflect this additional charge and related charges.

On July 19, 1972, petitioner, upon being deported from Canada, was arrested at the international bridge at Buffalo, New York, by the F.B.I. on the unlawful flight warrant. He was promptly taken before a magistrate and detained for six or seven days, at which time the unlawful flight warrant was dismissed, and he was turned over to Kentucky authorities for prosecution.

Petitioner remained in the custody of the Kentucky authorities awaiting disposition of the state charges from July 25, 1972, until February 23, 1973, when

those charges were dismissed without prejudice and he was returned to the federal authorities. They took custody under the federal parole violator's warrant, which had been held in abeyance while petitioner was in state custody. On February 26, 1973, a preliminary hearing on parole revocation was held. About a week later, a second supplemental parole violation warrant application was issued, this time to add charges of two Canadian convictions, one for carrying a concealed weapon and the other for escape. A second preliminary hearing on revocation was held on March 9 concerning these additional charges. In April, petitioner was transferred to Terre Haute, where the parole revocation hearing was continued several times and finally held on December 14, 1973. His parole was revoked at that time.

## I.

██ The court records from the district court for the Western District of New York, sitting in Buffalo, indicate that the only federal warrant dismissed in the proceedings there was the unlawful flight complaint. Although petitioner claims that the records have been altered to eliminate any reference to the dismissal of the parole violator's warrant which he says occurred at the same time, this is a mere assertion without any facts alleged to support it. The District Court did not err in accepting the records of the Western District of New York and, based thereon, concluding that this and related claims were without merit.

## II.

On the issue of delay in the holding of the parole revocation hearing, the following facts appear from the record as it now stands: Court-appointed counsel withdrew his appearance on June 13, 1973, six days before the first scheduled hearing was to be held. At that hearing on June 19, petitioner appeared without counsel, and, according to an affidavit of a parole executive of the Board of Parole, a continuance was granted at petitioner's request until August 1973 to give him time to obtain another attorney. The affidavit further states that on July 16, 1973, the hearing was again continued at petitioner's request until the August docket. During the months that followed, another attorney was appointed to represent him, but she resigned from the case shortly after appointment. Petitioner appeared before the Board without counsel and continuances were again granted on August 21 and October 24. Finally, on December 14, 1973, petitioner appears to have consented to proceed without counsel and a revocation hearing was held, resulting in the revocation of his parole and his continued incarceration at Terre Haute. In July 1973, prior to the revocation hearing and while the Board proceedings were pending, petitioner filed the petition for a writ of habeas corpus which is now before us.

The government contends that each time the hearing was scheduled petitioner requested a continuance in order to have time to find a lawyer he liked, having refused to cooperate with, and rejected, the two court-appointed attorneys. Therefore, it argues, the delays are chargeable to petitioner, not to the Board of Parole. The government suggests that this is the reason petitioner chose not to make a point of the delay in his petition and briefs to the District Court.[1]

Through his appointed counsel, petitioner in this appeal denies his responsi-

---

1. In a notarized letter to the United States Attorney General submitted as an exhibit to the court below, petitioner represented that his first court-appointed attorney told him "he needed $2000.00 to investigate [his] case," and that his second court-appointed attorney told him "to take the 5th Amendment, go in before the examiner and dont [sic] say anything." At this point, petitioner went on to explain, he filed his petition for a writ of habeas corpus, and his second court-appointed attorney resigned. The magistrate, he alleged, declined to appoint a new attorney in time for the October session with the Board, and "for some reason . . . forgot" to appoint one for the November hearing.

bility for the successive postponements of the hearing from June to December 1973. But counsel argues that, even if it is proven in further proceedings in the District Court that petitioner was responsible for these delays, the government had the sole responsibility for the delay until June, when the hearing was first scheduled to take place. By this time four months had passed since petitioner had been returned to federal custody, and nearly a year and a half since he was first arrested by the F.B.I. at the Canadian border.

■■ We remand the case to the District Court for hearing and decision on the issues raised by these contentions. On remand, the court should determine the reasons for the delay at its various stages, beginning with the time petitioner was arrested at the Canadian border, and whether, in light of the reasons determined, the hearing was held within a reasonable time. *Cf. United States ex rel. Hahn v. Revis,* 520 F.2d 632, 639 n. 6 (7th Cir. 1975). It should be noted with respect to the four-month delay from the time petitioner was returned to federal custody until June 1973 that unless some substantial part of that delay is attributable to petitioner, that delay alone was unreasonable. *Id.* at 638 n. 5.

■ Under the *Hahn* decision, if there was an unreasonable delay in holding the hearing, prejudice is presumed and petitioner is entitled to discharge on the parole violation charge. We conclude, however, that *Hahn* should not be applied retroactively. The Eighth Circuit has held that its ruling extending *Cooper v. Lockhart,* 489 F.2d 308 (8th Cir. 1973), to federal prisoners should not be retroactively applied to require quashing the parole violation warrant even on behalf of the petitioners themselves, absent a showing of prejudice resulting from the delay. The court said:

"Our holding today, while it is consistent with the teachings of *Morrissey v. Brewer, supra,* and is a logical extension of the principles announced in *Cooper v. Lockhart, supra,* does signal

a constitutional obligation not before expressly recognized by this or any other federal appellate court. The Supreme Court has held *Morrissey* itself, as well as the application of its principles to prison disciplinary proceedings, not to be retroactive. *Morrissey v. Brewer, supra,* 408 U.S. at 490, 92 S.Ct. 2593; *Wolff v. McDonnell, supra,* 418 U.S. at 573, 94 S.Ct. 2963; *see Proffitt v. Ciccone,* 506 F.2d 1020, 1021 (8th Cir. 1974). Absent a showing of demonstrated prejudice severe enough to render the revocation hearing itself inadequate in terms of relief, we cannot say that the warrants should have been quashed or other habeas relief granted to preclude revocation of the paroles involved in this case. See *Wingo v. Ciccone,* 507 F.2d 354 (8th Cir. 1974). Delays in future cases must, however, be measured in consonance with notice of our holding today." *Cleveland v. Ciccone,* 517 F.2d 1082, 1089 (8th Cir. 1975).

We agree with the Eighth Circuit, and direct that the standard set forth in the above passage from its opinion be applied by the District Court on remand in this case.

### III.

Relying on the principles set forth in *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), counsel for petitioner also argues that the parole revocation hearing did not meet the requirements of due process because petitioner was not represented by counsel. The government contends that petitioner consented to appear without counsel, and thereby waived any right to counsel he may have had. In the alternative, it argues that, petitioner having refused to cooperate with, and rejected, the two attorneys the court had successively appointed to represent him, the court was not obliged to continue appointing lawyers until one met his approval. Whether petitioner waived his right to counsel and, if he did not, whether counsel was required under *Gagnon* are questions

which the District Court will decide on remand, after a hearing.

Affirmed in part; vacated and remanded in part.