**Ernest WALTON et al., Petitioners,**

v.

**Charles G. WRIGHT et al.,
Respondents.**

**No. 75–C–471.**

United States District Court,
W. D. Wisconsin.

Jan. 28, 1976.

Jon P. Axelrod of DeWitt, McAndrews & Porter, S. C., Madison, Wis., for petitioners.

John R. Byrnes, Asst. U. S. Atty., David C. Mebane, U. S. Atty., Madison, Wis., for respondents.

## ORDER

JAMES E. DOYLE, District Judge.

This is a petition for a writ of habeas corpus. Petitioners, inmates at the Federal Correctional Institution, Oxford, Wisconsin, claim that they are in custody in violation of the Constitution of the United States as a result of unreasonable delay in holding parole revocation hearings. Jurisdiction is present. 28 U.S.C. § 2241. Petitioners seek to represent all inmates who have been or will be detained on parole revocation warrants where there has been or will be unreasonable delay in holding parole revocation hearings.

Based upon the record before me, I find as fact those matters set forth hereinafter under the heading "Facts."

## FACTS

Petitioner Walton is presently confined at the Federal Correctional Institution, Oxford, Wisconsin. On March 17, 1972 he was released on parole from the Federal Correctional Institution, Milan, Michigan with 4326 days left to be served on a fifteen year sentence. On September 4, 1974 he was convicted in the United States Court, Eastern District of Michigan of the crime of possession of a firearm by a convicted felon; he was sentenced for a term of two years and was incarcerated at the Federal Correctional Institution, Oxford, Wisconsin.

On October 17, 1974, a warrant for parole violation was issued against petitioner Walton based on the September 4, 1974 conviction. On January 10, 1975, another parole violator's warrant based on the same conviction was issued against petitioner Walton.

On January 20, 1975, petitioner Walton requested a Dispositional Review concerning the warrants as provided by 28 C.F.R. Section 2.53(A). The Regional Director reviewed petitioner Walton's

case and in a letter dated January 29, 1975, petitioner was notified of the Regional Director's decision to let the detainer stand. No hearing was conducted at this time.

On July 15, 1975, petitioner was given an initial hearing on parole eligibility regarding his two year sentence for the September 4, 1974, conviction. By Notice of Action dated July 31, 1975, petitioner Walton was informed that he would be continued until the expiration of his sentence. This same Notice of Action directed that the warrant against petitioner be executed effective August 12, 1975.

Petitioner Corbin is presently confined at the Federal Correctional Institution, Oxford, Wisconsin. On March 12, 1974 a warrant for parole violation was issued against petitioner Corbin. Petitioner was charged with: 1) traveling outside the limits fixed by the parole certificate on approximately January 22–24, 1974 without obtaining his parole officer's permission; 2) using deadly weapons in the commission of a felony on January 24, 1974; 3) being arrested and charged with a bank robbery committed on January 24, 1974.

On January 6, 1975, petitioner was charged with violating parole by being sentenced on August 27, 1974 in the United States District Court for the District of South Carolina to a term of ten years for the bank robbery. A warrant was issued on January 14, 1975.

Petitioner Lee is presently confined at the Federal Correctional Institution, Oxford, Wisconsin. On April 5, 1973, petitioner Lee was released on parole from the Federal Correctional Institution, Milan, Michigan, to remain under supervision until August 25, 1976 or until otherwise discharged by law.

On October 29, 1973 a parole violator warrant was issued against petitioner Lee based on state charges of armed robbery and unauthorized possession of a firearm which allegedly occurred on September 21, 1973. The warrant was lodged as a detainer against him at the Kent County, Michigan jail. On January 31, 1974, petitioner was convicted in the United States District Court, Western District of Michigan, of committing a bank robbery on December 13, 1973. On July 3, 1974, a supplemental parole violator warrant was issued on the basis of the federal bank robbery conviction. This supplemental warrant was lodged as a detainer against him at the Federal Correctional Institution, Oxford, Wisconsin on July 18, 1975.

On September 22, 1975 all three petitioners appeared before examiners of the United States Parole Board for a hearing on the outstanding warrants.[1] All three petitioners appeared with appointed counsel. Immediately before the commencement of the hearings, petitioners moved the Board to dismiss the proceedings against them and release them from the custody imposed by the parole revocation warrants against them on the ground that there had been unreasonable delay between the dates of the alleged parole violations and the revocation hearing. The Board denied all of the motions to dismiss, ruling that the petitioners would have to go to Court to assert unreasonable delay. The Board then proceeded to hold hearings for each of the petitioners.

As a result of the hearing, petitioner Walton's parole was revoked; he was notified of this decision in a Notice of Action dated October 10, 1975. The reason given for the revocation was the conviction on September 4, 1974. In petitioner Corbin's case, the Board decided to revoke parole and to defer the execution of his warrant. Petitioner Corbin was informed of this decision in a Notice of

---

1. In their affidavits, respondents denominate this hearing as it regards petitioners Lee and Corbin a "dispositional interview;" petitioners contend in their traverse that it was a "parole revocation hearing." Neither party has indicated the significance of calling the hearing by one term rather than the other. For the purposes of this decision, the significant fact is that the hearing was held to act upon the warrants.

Action dated October 9, 1975. The reasons given for the decision were 1) the conviction of August 27, 1974; 2) leaving the district of supervision without permission; and 3) unauthorized possession of a firearm. Petitioner Lee was informed in a Notice of Action dated October 10, 1975, that his parole was revoked and that the warrant was to be executed effective September 15, 1975. The reasons given for the decision were 1) the January 31, 1974 conviction in the United States District Court for the Western District of Michigan; 2) a conviction in a Michigan State Court for armed robbery on February 25, 1974; and 3) a conviction in a Michigan State Court on February 25, 1974 for unauthorized possession of a firearm.

## OPINION

In *United States ex rel. Hahn v. Revis*, 520 F.2d 632 (1975), the Seventh Circuit held that when a parolee is imprisoned for an offense committed while on parole, and has a warrant for parole violation lodged against him, a revocation hearing which complies with the due process requirements of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), must be held within a "reasonable time" after conviction of the crime establishes the parole violation. The Court indicates that generally three months would be the maximum delay tolerated. (520 F.2d at p. 638, footnote 5). Applying this standard, to the facts before it, the Court found a delay of one year to be "inordinate"; the relief ordered was release from the restraint of the parole violation warrant, since the Court found that to order a revocation hearing at such a late date would be to afford no relief at all.

In a case decided shortly after *Hahn*, *Johnson v. Holley*, 519 F.2d 1407, 1975, the Seventh Circuit held that the *Hahn* rule should not be applied retroactively to release a petitioner from the restraint imposed as a result of a parole revocation hearing held after unreasonable delay; rather, where the unreasonable delay occurred prior to *Hahn*, there must

be a showing of prejudice resulting from the delay.

*Hahn* was decided on July 25, 1975. As of that date, almost eleven months had elapsed since the conviction underlying the warrant issued against petitioner Walton; eleven months had elapsed since petitioner Corbin's conviction; and eighteen and seventeen months had elapsed since petitioner Lee's federal and state convictions, respectively. The question I must decide is at what point after July 25, 1975 did petitioners become entitled to a discharge on the parole violation charges without first showing that they were prejudiced by the delay.

 In deciding this question, the concerns underlying the rejection of retroactivity should be kept in mind. The burden on the prison administration and the good faith reliance placed on earlier law are two factors which the United States Supreme Court found significant in deciding that new procedures in prison disciplinary proceedings should not be applied retroactively. *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). I find these factors to be equally significant in the context of Parole Board proceedings; and, taking them into account, I conclude that the prospective application of *Hahn* should provide officials a reasonable time in which to comply with that decision by giving revocation hearings to parole violators with outstanding warrants based on convictions. While I recognize that the three-month standard for reasonable delay suggested in *Hahn* was not intended to define "reasonableness" for the purposes of determining the prospective application of *Hahn*, I believe it is instructive as a guide. I conclude that three months is a reasonable time within which to expect the Parole Board to provide the hearings required by *Hahn*; and that a delay of longer than three months entitles the affected individual to release from the restraint imposed as a result of the warrant or the revocation hearing.

In the instant case, petitioners were afforded revocation hearings two months after the *Hahn* decision. Therefore, unless petitioners can show that the delay resulted in prejudice, they are not entitled to a release from the restraint imposed by the revocation of their parole. Since petitioners have not submitted materials on the issue of prejudice, they will be provided with the opportunity to do so.

The petitioners seek to proceed in this action as representatives of a class. Although I recognize that the Seventh Circuit in *Bijeoul v. Benson*, 513 F.2d 965 (1975) has permitted a representative action in a habeas corpus proceeding, I conclude that a representative action is not appropriate in this case. No matter how the class is precisely defined, it is clear that some, if not all members of the class, like petitioners, will have to make a showing of prejudice in order to receive the relief petitioners' seek. This showing would involve a unique set of facts for each person.

### ORDER

It is hereby ordered that within 14 days from the entry of this order, petitioners submit materials on the question whether the delay in the revocation hearings prejudiced the petitioners. Respondents may have 14 days to respond. Within 10 days from the date of response, petitioners should either reply or inform the court that they do not intend to do so.