Raymond J. BERKLEY,
Petitioner-Appellant,

v.

Charles L. BENSON, Warden of the United States Penitentiary at Terre Haute, Indiana, et al., Respondents-Appellees.

No. 74–1762.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 11, 1976.

Decided March 16, 1976.

John T. Manning, Indianapolis, Ind., for petitioner-appellant.

Raymond J. Berkley, pro se.

James B. Young, U. S. Atty., Richard L. Darst, Asst. U. S. Atty., Indianapolis, Ind., for respondents-appellees.

Before PELL and SPRECHER, Circuit Judges, and PERRY, Senior District Judge.*

SPRECHER, Circuit Judge.

Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 set forth that he had been sentenced to a term of four years pursuant to 18 U.S.C. § 4208(a)(2) on January 7, 1972 in the Eastern District of Michigan for conspiracy to defraud in violation of 18 U.S.C. § 371. Petitioner alleged that he appeared before the United States Parole Board in April 1972, as a result of which his custody was continued to June 1973. He appeared before the parole board in June 1973, as a result of which his custody was continued to the expiration of his sentence. In August and again in September 1973, he made written application to the board requesting reasons for the denial of parole, which applications were denied.

On June 19, 1974 petitioner, then a prisoner at the United States penitentiary at

* Senior District Judge Joseph Sam Perry of the United States District Court for the Northern District of Illinois is sitting by designation.

Terre Haute, Indiana, filed his petition, complaining that he had "been denied the Judicial and Legislative intent of a 4208(a)(2) sentence by respondents by being precluded from parole eligibility and by being denied the respondents' reasons for such action."

The petition was considered with those of several other federal prisoners making similar claims by the District Court for the Southern District of Indiana, which entered judgment on August 2, 1974 granting relief to five other prisoners but dismissing petitioner's petition. The parole board appealed the cases of the five successful prisoners to this court, which affirmed on November 18, 1974 in *Garafola v. Benson*, 505 F.2d 1212 (7th Cir. 1974), holding that the parole board is required to give meaningful (as opposed to summary) consideration to parole in a § 4208(a)(2) case before the expiration of one-third of the prisoner's sentence. The relief granted in *Garafola* to those prisoners who had not received the required timely meaningful consideration was either a second, but this time meaningful, consideration by the parole board, or failing that, their release on parole. The petitioner here did not cross-appeal in *Garafola.*

In its August 2, 1974 order, as it related to petitioner here, the district court dismissed the petition on the ground that petitioner "has already had a second hearing in June 1973, following his imprisonment January 7, 1972 for a four-year term" and that the "June 1973 hearing came at approximately one-third of the term, so no further hearing is required." The petitioner has appealed that order.

After filing his notice of appeal, petitioner was released on mandatory release on October 9, 1974 and his supervision ended on July 10, 1975.

Insofar as the record before us indicates, the petitioner received the same kind of a second "meaningful" consideration by the parole board in June 1973 that this court mandated in *Garafola* with the exception that in *Garafola*, we directed the board to furnish the prisoners reasons if parole was denied.

In *King v. United States*, 492 F.2d 1337 (7th Cir. 1974), we held that the Administrative Procedure Act, 5 U.S.C. § 555(e) requires the United States Parole Board to furnish reasons for denial of parole. In *United States, ex rel. Richerson v. Wolff*, 525 F.2d 797 (7th Cir. 1975), we held that minimal due process requires the giving of reasons for the denial of parole.

In *Bailey v. Holley*, 530 F.2d 169 (7th Cir. 1976), we held that neither *King* nor *Richerson* will be applied retroactively but will be applied only to parole denials which occur after the respective dates of those decisions. Inasmuch as *King* was decided on March 13, 1974 and *Richerson* was decided on November 20, 1975, neither of them applies to petitioner's June 1973 parole consideration. *Garafola* was also, of course, decided after petitioner's June 1973 consideration (November 18, 1974) and it would not apply retroactively to that consideration.

Petitioner contends that he is nevertheless entitled to some relief. He says the "record may be set straight, to show his rehabilitation, or his sentence itself may be altered to reflect such by the sentencing court." This argument is an attempt to review the correctness of the parole board's decision, which we cannot do. *Buchanan v. Clark*, 446 F.2d 1379, 1380 (5th Cir. 1971). In any event, the petitioner's release from supervision rendered moot any questions of other relief. The Supreme Court held that parole board matters can no longer be questioned once the prisoner has been completely released from supervision, in the absence of "demonstrated probability" that he will return to parole board jurisdiction. *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350, 44 U.S.L.W. 3372 (1975).

We affirm the judgment of the district court dismissing the habeas corpus petition for failure to state a claim upon which relief may be granted.