**John Wesley RIADON, Petitioner,**

v.

**UNITED STATES of America ex rel. C. E. FENTON, Warden, Federal Penitentiary, Marion, Illinois, and the United States Board of Parole, Respondents.**

Civ. No. 763028.

United States District Court,
E. D. Illinois.

July 27, 1976.

drawn as a class action, certification of which was denied.

John Wesley Riadon, pro se.

Frederick J. Hess, Timothy J. Gifford, Asst. U. S. Attys., East St. Louis, Ill., for respondents.

## ORDER

FOREMAN, District Judge:

Petitioner, John Wesley Riadon, has filed a petition for Writ of Habeas Corpus challenging the United States Board of Parole's delay in holding a parole revocation hearing. Based on the pleadings and the hearing that was held on June 3, 1976 in the United States Penitentiary at Marion,, Illinois, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

The following facts contained in Joint Exhibits # 1 and # 2 were stipulated to by the parties at the June 3rd hearing.[1] Petitioner was convicted of violating 18 U.S.C. §§ 471, 472, and 473 in the United States District Court for the Western District of Tennessee and sentenced to a term of nine years, five months and eight days. He was paroled on that sentence on September 1, 1971. Petitioner was convicted in Tennessee state court of burglary and possession of burglary tools on March 21, 1973. On April 10, 1973 a federal parole violators warrant was issued, charging Riadon with burglary, possession of controlled substances, association with individuals having criminal records engaged in criminal activity, and possession of dangerous drugs. The warrant was lodged as a detainer on June 13, 1973 at the state prison where Riadon was serving a three year sentence as a result of the March 21, 1973 state conviction.

On May 29, 1974, Mr. Riadon was interviewed by a parole officer concerning the federal detainer. He admitted the state convictions but denied the other charges.

Mr. Riadon was subsequently taken into federal custody and transferred to the United States Penitentiary at Marion, Illinois. On August 15, 1974, a parole revocation hearing was conducted by the United States Board of Parole. At that time, Mr. Riadon admitted that contrary to the conditions of his parole, he used hard drugs and associated with an individual who had a criminal record. A notice dated August 30, 1974 notified Mr. Riadon that his parole had been revoked.

At the June 3rd court hearing, petitioner claimed that he was prejudiced in various ways as a result of the delay in holding a parole revocation hearing. He testified that he was denied the chance to have his federal and state sentences run concurrently, that he lost the opportunity to take a civilian job at the Tennessee State Penitentiary, and that an important witness died prior to the parole revocation hearing.

Petitioner's Exhibit # 1 was admitted into evidence. It is a notarized letter from Lionel Sweeney, Superintendent of the Print Shop at the Tennessee Prison Industries, stating that he offered the job of foreman to Riadon upon his parole from state authorities subject to action on the federal detainer and approval by the Director of the Tennessee State Prison Industries. Petitioner stated that pursuant to the letter he wrote Everett Poindexter, Chief Probation Officer at the Nashville Office of the United States Board of Parole, requesting a prompt parole revocation hearing but was informed that one would not be held until he was taken into federal custody.

Riadon also testified that a Jerry Morris, Riadon's co-defendant in the state burglary case, would have spoken in his behalf at a parole revocation hearing but that Morris

---

1. The facts contained in Joint Exhibit # 1 were stipulated to subject to Riadon's explanation of paragraphs 4 and 5.

died in December of 1973, after the detainer was lodged but prior to the revocation hearing. After their convictions both Morris and Riadon filed motions for a new trial. Riadon withdrew his motion when the state agreed not to prosecute him on drug charges. Morris did not withdraw his motion, however, and it was granted. He was then retried and acquitted. Petitioner testified that Morris, if he had lived, would have explained the circumstances surrounding the state charges and the withdrawal of Riadon's new trial motion. Riadon also stated that Morris would have claimed ownership of the burglary tools and contraband in the satchel left at Riadon's home, and would have testified that Riadon was unaware of the satchel's contents when he kept it for Morris. The tools and contraband, left by Morris, formed the basis of Riadon's state conviction and part of the basis for the detainer warrant.

The relief requested by this petition is credit on the federal sentence for time served from April 10, 1973, the date the warrant was first issued until June 29, 1974, a period of 14 months and 19 days.

## CONCLUSIONS OF LAW

Petitioner claims that he has been denied due process of law as a result of the Board of Parole's delay in holding a parole revocation hearing. *United States ex. rel. Hahn v. Revis*, 520 F.2d 632 (7th Cir. 1975) holds that due process entitles parolees who are incarcerated for another offense to a timely *Morrissey*[2] type hearing. Under *Hahn* if there is unreasonable delay, prejudice is presumed and a discharge from custody will issue. Delays greater than three months are unreasonable. *Id.* at 638 n. 5. *Hahn*, however, is not to be applied retroactively. *Johnson v. Holley*, 528 F.2d 116 (7th Cir. 1975) following *Cleveland v. Ciccone*, 517 F.2d 1082 (8th Cir. 1975). In pre-*Hahn* cases, discharge may be granted only when the prisoner shows that the delay prejudiced him in some specific manner.

Absent a showing of demonstrated prejudice severe enough to render the revocation hearing itself inadequate in terms of relief, we cannot say that the warrants should have been quashed or other habeas relief granted to preclude revocation of the paroles involved  .   .

*Johnson v. Holley*, 528 F.2d 116 (7th Cir. 1975) at 119.

The issue now before the Court is whether Riadon has shown "demonstrated prejudice" as required by *Johnson v. Holley*, supra. Each of his claims will be examined seriatim.

Riadon's claim that he was denied the opportunity to have concurrent sentences does not meet the test of "demonstrated prejudice". First, even if Riadon had been provided with a timely hearing there is no guarantee that the Board of Parole would have executed the warrant and started the sentences running concurrently. *United States ex. rel. Hahn v. Revis*, supra, at 627. Second, in every pre-*Hahn* case there is the same potential prejudice based on nonconcurrent sentences. *Johnson v. Holley*, supra, and *Cleveland v. Ciccone*, supra, limited their retroactive application to cases of "demonstrated prejudice severe enough to render the revocation hearing itself inadequate in terms of relief". *Johnson v. Holley*, supra at 119. This limiting language would not have been used if prejudice resulted simply from being forced to serve the original sentence consecutive to the most recent sentence. Otherwise, all revoked parolees could show prejudice.

Riadon next claims that he was denied the opportunity to take a civilian job. The evidence, however, is that this job was offered to him subject to two conditions, the first being the federal detainer, the second being the approval of the Tennessee Prison Industries. Riadon did not produce any evidence at the hearing that this second condition had been met. Therefore, the Court finds this claim does not meet the standard of "demonstrated prejudice".

Mr. Riadon's last claim, that an important witness died prior to the date of his revocation hearing, may stand on a different foot-

2. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

ing from his other claims. This claim would seem to fit within the very language of *Holley*, "a showing of demonstrated prejudice severe enough to render the revocation hearing itself inadequate in terms of relief". Petitioner testified that the dead witness, Jerry Morris, was a co-defendant who had been acquitted in a second trial and that his testimony would have shown exonerating evidence. Petitioner states that the exonerating evidence would have been Morris' explanation of the circumstances whereby petitioner withdraw his motion for a new trial and the facts surrounding his state conviction for burglary and possession of burglary tools. It was also Riadon's uncontested testimony that Morris, after his acquittal and prior to his death in December of 1973, would have stated that the burglary tools and contraband material found in Riadon's house were actually owned by Morris and that Riadon was unaware of what was contained in the satchel. This is the type of evidence which might make Riadon's offense less culpable in the eyes of the Board of Parole. As was stated in *U. S. A. ex. rel. Hahn v. Revis*, 520 F.2d at 637, some of the elements of grievous loss resulting from the delay include "possible prejudice in opportunity to defend against charge of violation or to demonstrate mitigating circumstances". For the foregoing reasons, the Court finds that Mr. Riadon has shown "demonstrated prejudice" sufficient to entitle him to relief.

For the foregoing reasons, the Court hereby orders that the period between June 13, 1973, the date the warrant was lodged, and August 14, 1974, the date of petitioner's parole revocation hearing,[3] be credited on the federal sentence he is currently serving.

IT IS SO ORDERED.

---

3. The June 13, 1973 date was chosen because the court feels that prejudice did not accrue until the warrant was lodged as a detainer. The August 14, 1974 date was chosen because it was the date of the final revocation hearing. The Court is unable to perceive the significance of the June 29, 1974 date chosen by petitioner.