UNITED STATES of America ex rel.
George SIMS, Petitioner,

v.

Allyn R. SIELAFF et al., Respondents.

No. 76 C 645.

United States District Court,
N. D. Illinois, E. D.

Sept. 24, 1976.

Thomas Peters, and Donald S. Rothschild, Prison Legal Services, Chicago, Ill., for petitioner.

Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for respondents.

## DECISION ON RULE TO SHOW CAUSE

McMILLEN, District Judge.

This petition for a writ of *habeas corpus* by a State prisoner challenges the procedures utilized by the Illinois Parole and Pardon Board in revoking the petitioner's parole. After somewhat more than two years on parole without incident, petitioner Sims was arrested and returned to prison on February 2, 1975. He was accused of violating his parole by committing five unlawful acts: two rapes, an assault, driving under the influence, and illegal transportation of liquor in a motor vehicle.

Petitioner was never indicted for any of these offenses except for driving under the influence. A complaint was filed on this charge but dismissed on motion of the prosecutor in light of Sims' arrest on the parole board's warrant.

After a brief hearing on April 22, 1975, the parole board revoked petitioner's parole and reincarcerated him solely on grounds that he had driven while under the influence and had illegally transported liquor. A petition for re-hearing was filed on July 29, 1975 and denied September 5, 1975.

Petitioner then brought this action on February 23, 1976. Thereupon, the parole board granted petitioner a re-hearing on April 22, 1976. On the basis of this second hearing, the board entered an order dated May 3, 1976 affirming its original decision to revoke parole on the basis of the two motor vehicle offenses.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that a parolee has a qualified interest in liberty which may not be terminated without according him the fundamental protections of procedural due process. Petitioner's first parole revocation hearing fell short of the standards enunciated in *Morrissey*. The record shows that Sims was never informed of the evidence against him and thus was deprived of any meaningful confrontation right. Furthermore, the parole board provided him only with a conclusory finding, while denying him access to the more detailed explanation of its decision which had been prepared. (Respondents' Ex. E). See *Zizzo v. United States*, 470 F.2d 105, 108 (7th Cir. 1972), cert. den. 409 U.S. 1012, 93 S.Ct. 443, 34 L.Ed.2d 306 (1972).

Perhaps more importantly, the transcript of the first hearing is devoid of any evidence which would support the validity of the motor vehicle charges relied upon by the board. This constitutes a separate violation of due process, apart from the procedural requirements of *Morrissey*. *Douglas v. Buder*, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973).

The second revocation hearing was more extensive than the first. Petitioner was represented by counsel, and the parole board heard testimony from a number of witnesses. Petitioner contends that the board's decision to revoke his parole and reincarcerate him solely on the basis of the motor vehicle violations was arbitrary and capricious. However, it is not our province to review the correctness of a discretionary determination by the board, provided there is evidence in the record to support the board's finding. See *Berkley v. Benson*, 531 F.2d 837, 838 (7th Cir. 1976). There is such evidence in this case.

Nonetheless, we find this second hearing to be constitutionally deficient. As a matter of due process, an incarcerated parolee is entitled to a reasonably prompt parole revocation hearing, even in those situations where the violation is not disputed. *United States ex rel. Hahn v. Revis*, 520 F.2d 632 (7th Cir. 1975). A delay of four months between a parolee's arrest on a violation warrant and his final revocation hearing has been held unreasonable, provid-

ed the delay is not attributable to the parolee. See *Johnson v. Holley*, 528 F.2d 116, 119 (7th Cir. 1975).

■ Although *United States ex rel. Hahn v. Revis*, supra p. 141, has been limited to prospective effect by *Johnson*, it nevertheless governs the petition presently before the court. See *Walton v. Wright*, 407 F.Supp. 783, 786 (W.D.Wis.1976). Sims was returned as a violator before the July 25, 1975 decision in *Hahn*, but the parolee board was given notice of its constitutional duty by *Hahn* and of the facts surrounding Sims' violation through the petition for re-hearing filed with the board July 29, 1975. Almost nine months then passed before the petitioner was accorded a re-hearing by the board on April 22, 1976. This delay is more than twice as long as that condemned in *Johnson*. Nor does the fact that the parole board had in good faith conducted a constitutionally insufficient hearing within four months of the petitioner's return to prison toll the period of delay. See *United States ex rel. Hahn v. Revis*, supra pp. 141–142 at 638.

■ Other courts have placed the burden on the parolee to show actual prejudice from such a delay in order to obtain release. See e. g. *Jones v. Johnston*, 534 F.2d 353, 374–75 (D.C.Cir. 1976). However, our circuit has held that prejudice to the parolee must be presumed from delay alone. *Johnson v. Holley*, supra p. 4 at 119.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petition for a writ of *habeas corpus* is granted and Respondents are ordered to release the petitioner.