**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Willie Terrell LOCKETT, Defendant-Appellant.**

**No. 75–1398.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 24, 1975.

Decided Nov. 25, 1975.

Tyce S. Smith, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., Theodore T. Scudder, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT and STEVENS, Circuit Judges, and KUNZIG *, Judge.

KUNZIG, Judge.

The sole issue in this criminal appeal is whether the United States afforded a speedy trial to defendant, Willie Terrell Lockett.[1] The District Court held for the Government. We find that the procedure attacked did not violate Lockett's constitutional right to a speedy trial and therefore affirm the judgment of conviction.

The facts involved in this appeal are uncomplicated and uncontested. Between March 1972 and January 1973, checks were stolen from the mails in Chicago. On January 16, 1973, the U. S. Magistrate issued a complaint against Lockett for possession of checks stolen from the mails. He was arrested on January 18, 1973, and released on bail the next day. Defendant voluntarily (after receiving proper *Miranda* warnings) confessed to the crime. *He has never repudiated this confession.* Over two years later, January 23, 1975, the grand jury indicted Lockett for possession of checks stolen from the mails. 18 U.S.C. § 1708 (1971). On February 18, 1975, defendant moved to dismiss the indictment for violation of his right to a speedy trial and on April 8, 1975, the District Court denied this motion. Lockett waived a jury trial. The court tried the case on a written stipulation of facts. The only error defendant now asserts in this appeal of his conviction is that the trial judge improperly denied his speedy trial motion.

The Sixth Amendment to the Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." It is this right which defendant claims has been denied by the Government's handling of this case.

■ To assess the claim of constitutional deprivation based upon lack of speedy trial, we turn to the four point balancing test of *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972): (1) length of delay, (2) reason for delay, (3) assertion of the right, and (4) prejudice to defendant. The trial judge weighed these factors and found that defendant's speedy trial rights were not violated because defendant neither made a speedy trial demand (until his motion of February 18, 1975) nor demonstrated sufficient prejudice. However, the trial judge did note that there was an inordinate delay (over two years) which "becomes almost astonishing when one considers that the government has not proffered even the slightest excuse for its occurrence." We affirm the trial judge's determination albeit for somewhat different reasons.

■ The two-year delay in this case is unreasonably long. (Point 1). The government offers no reasons to explain its actions. (Point 2). Failure to account for delay may be weighed against the prosecution. *United States v. Macino*, 486 F.2d 750, 752 (7th Cir. 1973). Particularly intolerable is the situation presented here where defendant has confessed to the crime and merely awaits the formality of trial and sentencing.

Nevertheless, we disagree with the trial court's determination that defendant's failure to assert his right constituted a

---

1. In *United States v. Fairchild*, 526 F.2d 185, released today, we confront a similar problem.

significant negative factor in the balancing process. (Point 3). Where a lengthy delay occurs in the interval between arrest and indictment, normally there would be no reason to require defendant speedily to assert a demand for his own indictment and trial. *U. S. v. Macino,* supra at 753.

However, we underscore the final determination by the trial judge that defendant suffered little prejudice. (Point 4). Defendant was not incarcerated during the delay and failed to show that it had any effect on his defense. Indeed, Lockett had confessed to the crime and failed to present any defense. The only prejudice claimed by defendant is that his memory "dimmed"[2] and the bond restrictions hampered his right to travel. There is nothing in the record (such as a request to abrogate the travel restrictions) which demonstrates that defendant suffered because of the delay. Also, his confession could well serve to rejuvenate his "dimmed" memory, even two years later.

In short, the weight we have given the first three factors (delay, failure to explain, and no reason to require assertion of the right) would tend to favor defendant's position. Normally, defendant's failure to show prejudice, standing alone, might be insufficient to overcome the other factors. However, in this case, there is the added point that defendant has voluntarily confessed to the crime of which he stands convicted. This compels the conclusion that his Sixth Amendment, speedy trial right has not been violated. As the Supreme Court stated in *Barker,* "[the four factors] are related . . . and must be considered together with such other circumstances as may be relevant." *Barker v. Wingo,* supra, 407 U.S. at 533, 92 S.Ct. at 2193. Lockett's confession is such a "relevant circumstance." We are persuaded that no constitutional rights have been violated in this case.

The judgment of the District Court is therefore affirmed.

Affirmed.

---

**2.** Vague allegations of impaired memory are insufficient for a determination of prejudice to the defendant. *See United States v. Fairchild, supra,* n. 1.