**Everett BRYANT, Petitioner-Appellee,**

v.

**Henry GRINNER et al.,
Respondents-Appellants.**

**No. 76–2260.**

United States Court of Appeals,
Seventh Circuit.

Argued April 26, 1977.

Decided Oct. 6, 1977.

David C. Mebane, U. S. Atty., Joseph D. Johnson, Jr., Asst. U. S. Atty., Madison, Wis., for respondents-appellants.

Lester A. Pines, Madison, Wis., for petitioner-appellee.

Before TONE, BAUER and WOOD, Circuit Judges.

TONE, Circuit Judge.

The District Court in this habeas corpus action held that the delay in holding a parole revocation hearing after execution of a federal parole revocation warrant was unreasonable and that petitioner was entitled to immediate release. In so holding the court correctly applied the law as it stood at the time. *United States ex rel. Hahn v. Revis,* 520 F.2d 632 (7th Cir. 1975), vac., 560 F.2d 264 (7th Cir. 1977), and *Johnson v. Holley,* 528 F.2d 116 (7th Cir. 1975). Since then, however, this court, acting in the light of *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), has abrogated the rule of *Hahn* and *Johnson* that an irrebuttable presumption of preju-

dice arises from a delay in excess of three months and requires the unconditional release of the prisoner. *United States ex rel. Sims v. Sielaff,* 563 F.2d 821, No. 76–2070 (Aug. 31, 1977). Under *Sims,* the prisoner's right to release is to be determined by the standards prescribed in *Barker v. Wingo,* 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for determining whether a defendant's right to a speedy trial has been violated. Applying those standards here, relief is not warranted, and the judgment must be reversed.

■ The parole revocation warrant was executed against petitioner on July 18, 1975. Three days later he was afforded a preliminary hearing, at which he admitted violating the conditions of his release, waived the appointment of counsel, and requested that a parole revocation hearing be held after his arrival at a designated federal correctional institution. The following October 29, petitioner changed his mind about waiving counsel and asked for the appointment of counsel. A hearing, at which he was represented by counsel, was held on November 20, 1975, and his parole was revoked at that time. This habeas corpus action was filed on December 11, 1975. The District Court granted the writ and petitioner was ordered released on December 17, 1976. This court refused to stay the execution of the judgment pending appeal, and petitioner was released from custody on December 17, 1976.

The delay between the execution of the warrant and the hearing was 125 days, a period much shorter than many that have passed muster under *Barker v. Wingo. E. g., United States ex rel. Placek v. State of Illinois,* 546 F.2d 1298 (7th Cir. 1976) (10 month delay); *United States v. Lockett,* 526 F.2d 1110 (7th Cir. 1975) (2 year delay); *United States v. Joyce,* 499 F.2d 9 (7th Cir. 1973), *cert. denied,* 419 U.S. 1031, 95 S.Ct. 512, 42 L.Ed.2d 306 (1974) (12 month delay); *United States v. DeTienne,* 468 F.2d 151 (7th Cir. 1972), *cert. denied,* 410 U.S. 911, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973) (19 month delay). Although the Bureau of Prisons

might have been more diligent in delivering petitioner to the designated institution, and the Board of Parole might have held the hearing more promptly after he arrived there, these delays are perhaps in large part explained, though not entirely justified,* by petitioner's admission that he had violated the conditions of his parole, his agreement that the revocation hearing should be deferred until his arrival at the designated institution, and his waiver of counsel, which he did not revoke until three weeks before the hearing was actually held. At least there is no intimation in this record that the hearing was delayed to gain some advantage for the government or to prejudice petitioner. He has not alleged, and apparently could not allege, that his opportunity to present his case was prejudiced by the delay. Under these circumstances he is not entitled to relief.

Future cases brought by federal parolees will be governed by the Parole Commission and Reorganization Act of 1976, Public Law No. 94–233, § 2, 90 Stat. 219, 18 U.S.C.A. § 4201, *et seq.* (1977 Supp.). That Act requires that an alleged parole violator in the position of petitioner, *i. e.,* one "who knowingly and intelligently admits violation at a preliminary hearing[,] . . . shall receive a revocation hearing within ninety days of the date of retaking." 18 U.S.C.A. § 4214(c) (1977 Supp.). We note that during the debates sponsors of the legislation stated that if the Parole Commission fails to meet a deadline for decision-making established by the Act, the proper remedy would be to compel the decision and not to release the prisoner from custody. 122 Cong.Rec. S2573 (daily ed. Mar. 2, 1976) (remarks of Sen. Burdick); 122 Cong.Rec. H1500 (daily ed. Mar. 3, 1976) (remarks of Rep. Kastenmeier).

■ Because of a change in the law which occurred after petitioner was released pending appeal, he must now be returned to custody. In light of this frustration of his reasonable expectation that his freedom would depend on his future behav-

---

* Petitioner was still entitled to be heard on whether revocation was appropriate.

ior, and inasmuch as the problem giving rise to this action arises in substantial part from the conduct of the Parole Commission's predecessor, the Parole Board, the Commission, promptly after petitioner is returned to custody, should hold a new parole revocation hearing for the purpose of determining whether his behavior during the period between his release and his return to custody makes it appropriate either to vacate the order revoking his parole or to order him paroled anew.

REVERSED.