577 F.2d 1025
 56 A.L.R.Fed. 595
 Frederick Clarence SMITH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 78-1488
 Summary Calendar.*
United States Court of Appeals,
 Fifth Circuit.
Aug. 7, 1978.
 
 Frederick C. Smith, pro se.
 William L. Harper, U. S. Atty., Curtis E. Anderson, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before RONEY, GEE and FAY, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 The sole issue on this appeal concerns the relief a parolee is entitled to when the United States Parole Commission fails to conduct a final revocation hearing within 90 days of "retaking" the parolee by execution of the parole warrant, as clearly required by statute. 18 U.S.C.A. § 4214(c). Under the circumstances of this case, where no intentional violation of the statute appears, the parolee did not demand a hearing until after the 90-day period had run, he was given a hearing on the 110th day and showed no prejudice from the delay, and where the revocation resulted from a conviction of an offense committed while on parole, we affirm the denial of habeas corpus relief by the district court. In this case of first impression under the present Act, therefore, we apply the same rule of required prejudice that this and several other circuits had previously applied to the "reasonable time" requirement in effect before Congress adopted the 90-day rule in 1976.
 
 
 2
 Where a parolee is convicted of a crime and incarcerated subsequent to release on parole, a parole revocation warrant or summons issued by the United States Parole Commission may be placed against the parolee as a detainer, but need not be executed until the expiration of the intervening sentence. See18 U.S.C.A. § 4214; Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Section 4214(c) requires the Commission to conduct a final revocation hearing within 90 days of the retaking of the parolee by execution of the parole warrant.
 
 
 3
 Petitioner Frederick Clarence Smith is currently an inmate at the Atlanta Federal Penitentiary. In 1969, after serving five and one-half years of a twenty year federal sentence imposed in 1964, Smith was paroled. In June 1973, he was convicted in federal court of a bank robbery committed in 1973, and sentenced to seven years imprisonment. As a result of this subsequent conviction and sentence, a parole violator's warrant was issued and lodged against Smith as a detainer. See 18 U.S.C.A. §§ 4213, 4214(b).
 
 
 4
 On July 21, 1977, after receiving a mandatory release on the bank robbery sentence imposed in 1973, Smith was taken into custody on the parole violator's warrant. Although 18 U.S.C.A. § 4214(c) requires the Commission to conduct a final revocation hearing within 90 days of Smith's retaking, i. e., within 90 days of July 21, 1977, no such hearing was held within the mandated period. Accordingly, on October 28, 1977, the 99th day after being retaken, Smith brought this petition for a writ of habeas corpus. A Commission hearing was immediately scheduled and held on November 8, 1977, some 110 days from the date of Smith's retaking. Smith's pro se complaint does not allege he was prejudiced in any way by this delay.
 
 
 5
 Smith concedes that if released, he would remain on parole, under the general jurisdiction of the Parole Commission, since 18 U.S.C.A. § 4210(b) provides that the Commission's jurisdiction terminates at the expiration of the maximum term for which the parolee was sentenced, with certain exceptions not relevant to the present case. He claims, however, that § 4214(c) establishes a per se rule under which the Commission lost the power to revoke his parole and incarcerate him on the basis of the outstanding parole violator's warrant when they did not act within the statutory 90-day period. He asserts he is therefore entitled to be released from custody.
 
 
 6
 In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Supreme Court held that a parolee is constitutionally entitled to certain due process protections before his parole may be revoked. One of those requirements is that a final revocation hearing must be held "within a reasonable time" after execution of the parole violator's warrant. 408 U.S. at 487-488, 92 S.Ct. 2593.
 
 
 7
 Any delay requires a two-step inquiry to determine if a parolee is entitled to relief. First, the delay, considering all of the circumstances, must be unreasonable. Second, the delay must be prejudicial. There being no statutory directive as to what period of delay was unreasonable before the 1976 enactment of § 4214(c), the courts focused on the second factor, prejudice, as determinative. See Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir. 1975), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976). Employing the factors set out by the Supreme Court in the speedy trial context in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the courts refused to grant relief where the parolee was unable to show that the delay caused him actual prejudice. See, e. g., Bryant v. Grinner, 563 F.2d 871 (7th Cir. 1977); United States ex rel. Sims v. Sielaff, 563 F.2d 821, 825-829 (7th Cir. 1977); United States v. Williams, 558 F.2d 224, 227-228 (5th Cir. 1977); Gaddy v. Michael, 519 F.2d 669, 677-678 (4th Cir. 1975), cert. denied, 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976); Shelton v. United States Board of Parole, 128 U.S.App.D.C. 311, 388 F.2d 567, 574 (1967). With the May 1976 effective date of the Parole Commission and Reorganization Act, Pub.L. No. 94-233, § 2, 90 Stat. 219 (codified at 18 U.S.C.A. § 4201), the "reasonable time" requirement of Morrissey v. Brewer became a statutorily mandated 90-days. 18 U.S.C.A. § 4214(c). Since Smith's parole violator's warrant was executed on July 21, 1977, the Act's provisions are applicable to him.
 
 
 8
 Although Congress has established by enacting § 4214(c) that delays of over 90 days are unreasonable, the Act is silent about the appropriate remedy when the Parole Commission fails to act within the 90-day period.
 
 
 9
 The remedy of quashing the parole violator's warrant and releasing the parolee from incarceration, as requested by Smith, "is very strong medicine, for it means that . . . one who has been fairly determined to have violated his parole, must go entirely free." United States ex rel. Sims v. Sielaff, 563 F.2d 821, 828-829 (7th Cir. 1977). There are several reasons why such relief is not appropriate in this case.
 
 
 10
 First, we note that where Congress has intended for the courts to apply such a draconian remedy, it has specifically authorized such action. See, e. g., 18 U.S.C.A. § 3162 (requiring dismissal of the indictment for speedy trial violations).
 
 
 11
 Second, the legislative history of the Parole Commission and Reorganization Act makes clear that Congress did not intend the courts to release a parolee for a violation of the 90-day hearing requirement. The chairman of the House and Senate subcommittees which had considered the Act, in advising acceptance of the conference committee report, noted if the Parole Commission failed to act within the 90-day period, the parolee would not be released, but he could petition the court to require the Commission to act:
 
 
 12
 The legislation establishes certain deadlines for the Commission's decision making, but the conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody.
 
 
 13
 122 Cong.Rec. S2572, 2573 (daily ed. March 2, 1976) (remarks of Sen. Burdick) (emphasis added).
 
 
 14
 Also, there are certain decisionmaking deadlines provided for in H.R. 5727. If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.
 
 
 15
 It is expected that the new Commission will be able to function under these deadlines. There is nothing on the record that would indicate that they cannot. Presently, they are doing the job in less time. But if for some reason they were unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 28 U.S.C. 1361, which is an action in mandamus to compel an employee of the United States to perform his duty. I expect these cases would be very rare, but the court would review the case and determine whether there was any justification for the delay. If there is no justification, the court would remedy the situation by ordering a hearing immediately. Otherwise, the Commission would be in contempt of court.
 
 
 16
 122 Cong.Rec. H1499, 1500 (daily ed. March 3, 1976) (remarks of Rep. Kastenmeier) (emphasis added). See also Bryant v. Grinner, 563 F.2d 871, 872 (4th Cir. 1977) (pre-Act case holding parolee not entitled to release, absent prejudice, after a hearing held 125 days after warrant execution; the court noted in dicta that future cases would be governed by the Act's 90-day rule, and that the Act's sponsors indicated that "the proper remedy would be to compel the decision and not to release the prisoner from custody.").
 
 
 17
 Third, the two-step analysis employed by cases decided prior to the Act's passage supports the denial of relief absent prejudice. Under those cases there had to be first a showing that the delay was unreasonable, and then a showing of prejudice. Section 4214(c) goes only to the first step of the analysis: delay beyond the statutorily mandated 90 days is unreasonable. The Act has no bearing, however, on the required showing of prejudice in addition to the showing of unreasonableness.
 
 
 18
 Fourth, § 4214(c) is not rendered meaningless by requiring a showing of prejudice for a parolee's release when a revocation hearing is held beyond the 90-day period mandated by the Act, as argued by Smith. Such requirement does not then give a statutory right without a remedy. The statute makes definite that which was theretofore indefinite. The Commission, parolees, and the courts all now know the time within which the hearing should be held. The Commission makes every effort to comply in good faith with congressional directives and now knows definitely what is required. Indeed, the Commission gave Smith a hearing as soon as he called the Commission to task for not complying with the statute. The Act does provide a way for a parolee to obtain that to which he now knows he is entitled. Section 4214(c) enables a parolee to go into court and force the Parole Commission to hold a revocation hearing within 90 days.
 
 
 19
 In this case, Smith neither insisted on his right to a hearing until after the 90-day period had run, nor has he alleged he suffered any prejudice from the delay. There is no showing the Commission intentionally violated the requirement, and it in fact promptly gave him a hearing after notification of the default. Since Smith has already had a revocation hearing, he is therefore not entitled to any further relief. See United States ex rel. Sims v. Sielaff, 563 F.2d 821, 829 (7th Cir. 1977) (Tone, J., concurring); United States ex rel. Blassingame v. Gengler, 502 F.2d 1388 (2d Cir. 1974); Cook v. United States Attorney General, 488 F.2d 667, 674 (5th Cir.), cert. denied, 419 U.S. 846, 95 S.Ct. 81, 42 L.Ed.2d 75 (1974).
 
 
 20
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I