Thomas E. REDD, Jr.,
Petitioner-Appellee,

v.

Dewey SOWDERS, Warden: and
Northpoint Training Center,
Respondents-Appellants.

No. 86–5458.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 10, 1986.

Decided Jan. 28, 1987.

David L. Armstrong, Atty. Gen. of Kentucky, Frankfort, Ky., David W. Mossbrook, Mark Wintersheimer, argued, for respondents-appellants.

C. McGehee Issacs, Asst. Public Advocate, Frankfort, Ky., Mark Posnansky, argued, for petitioner-appellee.

Before KEITH and MERRITT, Circuit Judges, and EDWARDS, Senior Circuit Judge.

KEITH, Circuit Judge.

This appeal arises from an issuance of a writ of habeas corpus by Judge Edward Johnstone, United States District Court, Western District of Kentucky. Appellee, Thomas E. Redd, Jr., was convicted of First Degree Robbery and Second Degree Persistent Felony Offender in the Christian Circuit Court, Commonwealth of Kentucky. He was sentenced to life in prison. His conviction was affirmed by the Supreme Court of Kentucky. Appellee petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Appellee alleged that he was denied the right to a speedy trial as guaranteed by the sixth and fourteenth amendments to the United States Constitution. The district court referred the case to the magistrate for report and recommendation pursuant to 28 U.S.C. § 636. United States Magistrate W. David King recommended that a writ of habeas corpus be granted. The district court adopted the magistrate's recommendation. We now affirm the district court.

## I. FACTS

On January 26, 1981, appellee was arrested for the robbery of a Minit Mart Store in Hopkinsville, Kentucky and charged with First-Degree Robbery and

Second Degree Persistent Felony Offender. At the time of the arrest, the Honorable Arnold Lynch was appointed as counsel, and bail was set at $20,000. Appellee was unable to post bail and was held in the Christian County jail.

The store was robbed by two men on January 16, 1981. Jeannie Wells, an employee of the store, identified appellee and Raymond Thomas as the two men who robbed the store. Another employee identified Raymond Thomas as one of the participants, but could not identify the other. After his arrest, appellee gave a statement to the police in which he said that he was in Indiana at the time of the robbery and that he had witnesses to prove it.

On July 2, 1981, approximately six months after his arrest, appellee moved for a speedy trial. On August 28, 1981, the court lowered appellee's $20,000 bond to 10% of $20,000. Another motion for reduction of bond was filed on appellee's behalf on November 18, 1981. In this motion, appellee again stated his concern about obtaining a speedy trial. Appellant filed a response stating that the delay in trial was due to the need to wait for the appeal of Raymond Thomas to be affirmed so he could be called as a witness and compelled to testify. Bond was reduced to 10% of $10,000 and appellee made bond.

Shortly after making bond, appellee's original attorney was relieved of his representation and substitute counsel, the Honorable Rip Cameron, was appointed by the court on January 5, 1982. According to the record, nothing transpired in the case until October 6, 1982, when the trial was set to begin on January 21, 1983. The trial did not take place as scheduled. On April 18, 1983, the trial was continued until the September term of the court "by agreement of the parties". The record does not indicate who was representing the appellee at this time.

At trial, Joel Embry represented appellee.[1] On October 3, 1983, one day prior to

the commencement of trial, counsel filed for a motion for continuance contending that he had insufficient time to prepare for trial. The motion stated that appellee had been advised on September 29, 1983, of the address and telephone number of his new attorney, and that counsel did not have an address or telephone number at which he could reach appellee. The motion was denied by the court. Appellee was convicted of both First Degree Robbery and Second Degree Persistent Felony Offender and sentenced to life imprisonment.

The magistrate found that under the factors enunciated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), appellee had been denied his right to a speedy trial. It was therefore recommended that the writ of habeas corpus be granted. The district court adopted the magistrate's recommendation to grant the writ. The issue before this Court is whether the appellee was denied his constitutional right to a speedy trial pursuant to the sixth and fourteenth amendments. We hold that appellee was denied this important constitutional right.

## II. DISCUSSION

The right to a speedy trial is "fundamental", that is, "it is one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina*, 386 U.S. 213, 226, 87 S.Ct. 988, 995, 18 L.Ed.2d 1 (1967). *Accord Barker v. Wingo*, 407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972). The right to a speedy trial is guaranteed by the sixth amendment and is applicable in state criminal proceedings through the due process clause of the fourteenth amendment. *Klopfer*, 386 U.S. at 222, 87 S.Ct. at 993 (citing *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)).

The speedy trial right has an amorphous quality which requires courts to "approach speedy trial cases on an ad hoc basis".

---

**1.** Prior to Mr. Embry's representation, Ms. Clark worked on the case on behalf of appellee and obtained discovery in the matter.

*Barker* 407 U.S. at 530, 92 S.Ct. at 2192. "[A]ny inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." *Id.* at 522, 92 S.Ct. at 2188. In *Barker*, the Supreme Court has established a balancing test in analyzing the speedy trial right. It has identified four factors which are particularly probative in evaluating whether the right to a speedy trial has been violated: 1) the length of the delay; (2) the reason for the delay; 3) the defendant's assertion of his right; and 4) the prejudice to the defendant. *Id.* at 530, 92 S.Ct. at 2192. We will examine each factor separately.

### A. *Length of Delay*

■■■ The length of the delay for speedy trial purposes is measured from the earlier of the date of indictment or the date of arrest. *Cain v. Smith*, 686 F.2d 374, 381 (6th cir.1982) (citing *U.S. v. Marion* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971); *Dillingham v. United States*, 423 U.S. 64, 65, 96 S.Ct. 303, 303, 46 L.Ed.2d 205 (1975)). The length of the delay is to some extent a triggering mechanism. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2192. "[U]ntil there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* Whether the delay is presumptively prejudicial is principally determined by the nature and complexity of the crime. *See United States v. Baumgarten*, 517 F.2d 1020, 1024 (8th Cir.), *cert. denied*, 423 U.S. 878, 96 S.Ct. 152, 46 L.Ed.2d 111 (1975). In *Barker*, the Supreme Court held that the "delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192.

■■■ In the present case, appellee was arrested on January 26, 1981. His trial, however, did not occur until 32 months later on October 4, 1983. The magistrate found that "the delay was not the result of difficulties in scheduling of the trial on a case backlog". We hold therefore that such a lengthy delay for this robbery case is presumptively prejudicial. *See Cain*, 686 F.2d at 381 (11½ month delay in mundane garden-variety robbery case was presumptively prejudicial); *Tucker v. Wolff*, 581 F.2d 235, 237 (9th Cir.1978) (9 month delay "a long wait for simple burglary case".)

### B. *Reasons for the Delay*

■■■ The prosecutor and the court have an "affirmative constitutional obligation" to try the defendant in a timely manner. *Atkins v. Michigan*, 644 F.2d 543, 547 (6th Cir.), *cert. denied*, 452 U.S. 964, 101 S.Ct. 3115, 69 L.Ed.2d 975 (1981); *Dickey v. Florida*, 398 U.S. 30, 38, 90 S.Ct. 1564, 1569, 26 L.Ed.2d 26 (1970); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). This "constitutional duty" is not satisfied unless "a diligent good faith effort" has been made to try the defendant promptly. *Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 189, 38 L.Ed.2d 183 (1973). On appeal, the prosecution has the burden of explaining the cause for pre-trial delay. Unexplained delay is weighed against the prosecution. *See United States v. Jackson*, 542 F.2d 403, 407 (7th Cir.1976); *United States v. Avalos*, 541 F.2d 1100, 1116 (5th Cir.1976), *cert. denied*, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977); *United States v. Lockett*, 526 F.2d 1110, 1111 (7th Cir.1975); *Jones v. Morris*, 590 F.2d 684, 686 (7th Cir.), *cert. denied* 440 U.S. 965, 99 S.Ct. 1513, 59 L.Ed.2d 780 (1979); *Morris v. Wyrick*, 516 F.2d 1387, 1390 (8th Cir.), *cert. denied*, 423 U.S. 925, 96 S.Ct. 268, 46 L.Ed.2d 251 (1975); *Georgiadis v. Superintendent, Eastern Correctional Facility*, 450 F.Supp. 975, 980 (S.D.N.Y.), aff'd, 591 F.2d 1330 (2d Cir.1978).

■■■ The unavailability of a material witness will justify a reasonable delay. *See Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. However, the prosecution's efforts to ensure the attendance of witnesses, particularly where witnesses have been absent on a previous occasion, should also be considered. *United States v. Calloway*, 505 F.2d 311, 316 (D.C.Cir.1974). A defend-

ant's speedy trial rights do not depend on how convenient the trial date is to potential witnesses. *Strunk v. United States*, 412 U.S. 434, 439, n. 2, 93 S.Ct. 2260, 2263, n. 2, 37 L.Ed.2d 56 (1973). Moreover, an absent witness whose testimony is merely cumulative or of slight importance cannot justify a delay in the trial. *Dickey*, 398 U.S. at 57, 90 S.Ct. at 1578; *Arrant v. Wainwright*, 468 F.2d 677, 680, n. 1, 681 (5th Cir.1972), *cert. denied*, 410 U.S. 947, 93 S.Ct. 1369, 35 L.Ed.2d 613 (1973).

In the present case, appellant states that the reason for the delay was that the prosecution had to wait for the conviction of the co-defendant, Raymond Thomas, to be affirmed by the Kentucky Supreme Court in order to utilize Thomas' testimony concerning appellee's participation in the crime. Thus, appellant argues that the delay was justified because Thomas would have otherwise refused to testify, relying on his fifth amendment privilege against self-incrimination.

■ The absent witness, Thomas, did not materially add to the prosecution's case.[2] The prosecution's case did not rest on the testimony of the co-defendant, but rather rested on the testimony of witnesses other than appellee's co-defendant. The co-defendant's sister testified that on the date of the robbery, the appellee tried several times to call her brother by telephone. The victim who was robbed and who identified appellee from a police photo pack after close observation of him during the course of the robbery presented tremendous evidence to support the prosecution's case. This evidence was available as early as 1981.[3] In considering the strength of the testimony against appellee, we do not believe that the anticipated testimony of the co-defendant was vital to the prosecution's case.

[10] Delay calculated to obtain an advantage over the accused is weighed heavily against the state. *See Barker*, 407 U.S. at 531, 92 S.Ct. at 2192. In *Arrant*, 468 F.2d 677, the prosecutor delayed trial because he believed the evidence against the defendant was insufficient to establish guilt beyond a reasonable doubt. The Fifth Circuit found the behavior reprehensible and stated:

> Throughout the proceedings involved in this case the State of Florida demonstrated a callous disregard for the rights of this appellant. Appellant has been able to satisfy this court that he prevails on each of the factors which *Barker v. Wingo* throws into the balance. We are especially concerned that after a reasonable time had passed the state did not answer his demands or attempt to justify the delay. This court fears the day when any arm of government is allowed to keep an individual under indictment for an extended period merely because it fears that were he brought to trial, he would be found not guilty.

*Id.* at 684.

The court weighed this factor heavily against the prosecution. Similarly, in this case the delay which occurred was not justified Thus, this factor is weighed heavily against the prosecution.

### C. *Assertion of Speedy Trial Right*

■ "The defendant's assertion of his speedy trial right ... is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker* 407 U.S. at 531–32, 92 S.Ct. at 2192–93. The failure of a defendant to assert his right to a speedy trial, however, does not demonstrate that there was no constitutional violation. *Id.* at 528–29, 92 S.Ct. at 2191. However, the Supreme Court has emphasized that the "fail-

---

**2.** The co-defendant, whose anticipated testimony caused the appellee's trial to be delayed over two years, was called to the stand at trial. Over admonishment by the court of possible liability for contempt of court, he refused to answer all questions concerning his and the appellee's par-

ticipation in the robbery based on his fifth amendment right against self-incrimination.

**3.** Magistrate King correctly ascertained the reason for the delay was unjustified because this testimony was readily available.

ure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532, 92 S.Ct. at 2193. The timeliness, vigor and frequency with which the right to a speedy trial is asserted are probative indications of whether a defendant was denied needed access to a speedy trial over his objection. *See Id.* at 528–29, 92 S.Ct. at 2191.

■ Appellant argues that from the time appellee was able to post bail until the time of trial, he gave absolutely no indication that he was interested in having the trial held. Appellant further argues that for a period of nearly two years, appellee either acquiesced in or sought further delays. Appellant notes that appellee did not object to these delays and actually sought continuances which contributed to them. Thus, appellant argues that appellee did not adequately assert his right to a speedy trial. We do not accept this argument.

Appellee moved for a speedy trial on July 2, 1981, at which time he was in jail unable to make bail. He subsequently moved for a reduction of bail on November 18, 1981. This court has held that a request for reduction of bail is equivalent to a request for a speedy trial. *Cain,* 686 F.2d 376. Thus, during this period, appellee affirmatively petitioned the court for a speedy trial.

Notwithstanding this request for a speedy trial, nothing transpired in appellee's case until October 6, 1982, when the trial was set to begin on January 21, 1983. The record does not indicate what occurred in January, but on April 18, 1983, the trial was continued until the September term by agreement of the parties. The Magistrate aptly noted that at this point the appellee knew that his fate was controlled by a court and prosecutor who were adament in delaying the trial until the co-defendant's testimony could be obtained.

In appellee's motion for reduction of bail filed November 18, 1981, appellee expressed his concern about a speedy trial by reminding the court that "several motions for speedy trial" had been denied. Appellant then noted that the co-defendant had already been tried on two separate charges, while he had not as yet had his day in court. He further remarked that the prosecution was without grounds for not having previously set the case for trial. In responding to this motion, appellant argued that the delay was necessary to obtain the co-defendant's testimony. The court apparently accepted this argument for it reduced bond to 10% of $10,000, but did not take any additional action to ensure that appellee received a timely trial. Thus after appellee posted bail, "he was faced with the reality that his trial would not commence until the conviction of his co-defendant had been affirmed."

■ Appellant makes much to do of the fact that a continuance was granted by agreement of the parties approximately six months before the trial. This argument, however, has no merit. This court cannot close its eyes to the fact that prior to this continuance twenty six months had passed and appellee still had not obtained a trial on the merits. Thus, we find that this continuance did not prejudice the appellee in his assertion of the right to a speedy trial.

■ We also find that appellee did not abandon his request for a speedy trial when his counsel sought a continuance the day before trial was scheduled to commence. The record shows the trial counsel, Mr. Embry, was not advised by the court clerk that trial was scheduled until approximately one week before the commencement date.[4] Counsel did not meet his client until the morning of trial. He was, therefore, not made aware of appellee's possible alibi defense until the morning of trial. We agree with the magistrate that an impartial

---

**4.** The magistrate correctly found that appellee was subjected to not infrequent counsel changes. Mr. Lynch initially represented appellee. Shortly after making bail, Mr. Lynch was relieved of his representation and Mr. Cameron was appointed by the court on January 5, 1982. Ms. Clark next worked on the case on behalf of appellee and obtained discovery in the matter. Mr. Embry represented appellee at trial.

reading of the record shows that appellee never abandoned his demand for a speedy trial.

### D. *Prejudice to the Defendant*

 The prejudice caused by a delay should be assessed in light of the interests which the speedy trial is designed to protect. The Supreme Court has identified the three principal interests: 1) to prevent oppressive pre-trial incarceration; 2) to minimize anxiety and concern of the accused; 3) to limit the possibility that the defense will be impaired. *Cain,* 686 F.2d at 384 (citing *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193). It should be noted that an affirmative showing of prejudice is not necessarily a prerequisite to establishing a speedy trial violation. *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193.

 We find that the appellee was prejudiced by the delay. The 10 month pre-trial incarceration was oppressive and constituted prejudice.[5] *See Cain,* 686 F.2d at 385 (defendant languishing in jail for 11 months was oppressive and prejudicial). Moreover, appellee's defense was impaired because possible alibi witnesses were no longer available at trial to substantiate his alibi claim. Shortly after appellee's arrest, he stated that he was in Indiana at the time of the robbery and he had witnesses to prove it. If such alibi witnesses existed, appellee was placed in a disadvantaged position in attempting to locate them to secure this testimony thirty-two months after his arrest. As the magistrate aptly noted, appellee would have had a much better chance of locating the witnesses in 1981 than in 1983.

Appellant argues that appellee was not prejudiced because there is no evidence which supports the existence of alibi witnesses. We do not accept this argument. Shortly after his arrest, appellee gave a statement to police in which he said that he was in another state at the time of the robbery and that he had witnesses to support his claim. We find it hard to believe that appellee could manufacture this claim when from the time of his arrest, his defense was that he had an alibi and witnesses to support this alibi. We also find that after such a long delay in bringing this case to trial, a good faith presumption should inure to the benefit of appellee. Thus, we hold that appellee was prejudiced by the delay.

In weighing the four *Barker* factors, our analysis leads us to conclude that appellee was denied his right to a speedy trial. Accordingly, the judgment of the district court is AFFIRMED.

MERRITT, Circuit Judge, dissenting. The proof of Redd's guilty of armed robbery of a store is overwhelming. On the basis of eyewitness and accomplice proof, there is no doubt whatever that he committed the crime in question. There is no proof in the record that Redd objected to pretrial delay after his bail was reduced and he was released. There is proof both before and after he was admitted to bail that he sought delay in bringing the case to trial. I therefore disagree with the Court below and our Court that Redd was prejudiced by the delay in question. These cases require a balancing of factors. I do not believe that the Court has given proper weight and emphasis to Redd's own requests for delay or to the absence of prejudice.

---

5. *Barker* described at length the prejudice defendants suffer due to lengthy pretrial delays. The time spent in jail awaiting trial is said to destroy human character. The Supreme Court stated:

> [Pre-trial delay] often means loss of job; it disrupts family life; and it enforces idleness.

Most jails offer little or no recreational or rehabilitative program. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense.

*Barker,* 407 U.S. at 532–33, 92 S.Ct. at 2193.