Carl E. WILCOX, Petitioner,

v.

**UNITED STATES PAROLE COMMISSION,**
Respondent.

Civ. A. No. 92–0078–E.

United States District Court,
N.D. West Virginia.

Jan. 14, 1993.

Carl E. Wilcox, pro se.

William Kolibash, U.S. Atty., Wheeling, WV, for respondent.

## ORDER

MAXWELL, Chief Judge.

Petitioner, Carl E. Wilcox, a federal prisoner who is proceeding *pro se,* instituted the above-styled habeas corpus action pursuant to 28 U.S.C. § 2241 on June 8, 1992. On October 14, 1992, Respondent, United States Parole Commission, by Patrick M. Flatley, Assistant United States Attorney for the Northern District of West Virginia, filed Answer of the United States Parole Commission, with supplemental exhibits.

Due to the contemporaneous submission of exhibits, this Court interprets the Answer as a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. By Order entered November 30, 1992, this Court notified the *pro se* Petitioner that he was granted twenty (20) days to respond to Respondent's Motion. The Court also informed Petitioner of the possible consequences of failure to respond. On December 17, 1992, this Court received a letter written by Petitioner that was forwarded by Respondent. The Court interprets the letter as a Response to Respondent's Motion for Summary Judgment. Accordingly, it is

ORDERED that the above mentioned letter be filed and made part of the record in the above-styled civil action.

The Court will now address Respondent's Motion for Summary Judgment in view of Petitioner's Response.

Motions for summary judgment under Rule 56, Fed.R.Civ.P., impose a difficult standard on the movant, for it must be obvious that no rational trier of fact could find for the nonmoving party. *Miller v. FDIC,* 906 F.2d 972, 974 (4th Cir.1990). Rule 56(c) provides that summary judgment shall be entered whenever "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." The "mere existence of a scintilla of evidence[,]" favoring the nonmoving party, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

To withstand Respondent's Motion, Petitioner must offer evidence from which "a fair-minded jury could return a verdict for [Petitioner,]" after examining the record as a whole. *Id.* Such evidence must consist of facts which are material, meaning that the facts might affect the outcome of the action under applicable law, as well as genuine, meaning that they create fair doubt rather than encourage mere speculation. *Id.* at 248, 106 S.Ct. at 2510; *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

Petitioner's Response does not controvert the facts as presented in Respondent's Motion for Summary Judgment. Therefore, the facts as set forth in Respondent's Motion are deemed to be admitted. *See* Fed.R.Civ.P. 56(e); and Local Rule 2.07(d). The issues, as delineated in Respondent's Motion, are numbered and addressed below.

1. Whether the United States Parole Commission's failure to give a timely parole revocation hearing was a violation of Petitioner's right to due process.

Respondent asserts that the delay in Petitioner's parole revocation hearing, though untimely, does not warrant habeas corpus relief. Mere delay in a parole revocation hearing does not constitute a violation of due process, nor does it necessitate habeas corpus relief. *See Heath v. U.S. Parole Commission,* 788 F.2d 85, 89 (2d Cir.1986) (absent prejudice or bad faith by the Commission, the appropriate remedy is not habeas corpus relief, but a petition for mandamus for a hearing); *Bryant v. Grinner,* 563 F.2d 871, 872 (7th Cir.1977) (remedy for a late hearing is a hearing).

To be entitled to habeas corpus relief, Petitioner must therefore demonstrate that he was prejudiced by the delay in his parole revocation hearing. *See Gaddy v. Michael,* 519 F.2d 669, 673 (4th Cir. 1975), *cert. denied,* 429 U.S. 998, 97 S.Ct. 524, 50 L.Ed.2d 608 (1976) (parole board is not required to hold a revocation hearing within a specified period of time if the parolee suffers no prejudice). Though Petitioner's parole revocation hearing was untimely, he has not set forth specific facts showing that there is genuine controversy on this issue. Petitioner merely rests on the assertion that he was prejudiced by the delay because he has been incarcerated. Petitioner has not submitted any facts to show that the delay *in fact* caused him prejudice. Habeas corpus relief would be an inappropriate remedy for Petitioner's delayed hearing.[1]

2. Whether the Commission's failure to issue a parole violator warrant after Petitioner's arrest prohibits the Commission from issuing a violator warrant at a later time.

28 C.F.R. § 2.44(b) provides, "[a]ny ... warrant under this section shall be issued as soon as practicable after the alleged violation is reported to the Commission[.]" The Parole Commission received notice of Petitioner's arrest and new conviction on January 14, 1992, and issued its parole violator warrant on February 21, 1992, clearly within a reasonable period of time. Judicial relief for agency action is not necessitated, or even permitted, absent a showing that such action violated constitutional, statutory, regulatory or other restrictions. *See* 18 U.S.C. § 4218(d); *Garcia v. Neagle,* 660 F.2d 983 (4th Cir.1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982). Petitioner has not made any such showings and is therefore not entitled to habeas corpus relief on this issue.

3. Whether the Parole Commission violated Petitioner's right to due process when it used information that Petitioner terms erroneous and illegal to revoke his parole.

Respondent correctly notes that this Court lacks authority to substitute its opinion in place of Respondent's factual determinations. Subsection (d) of 18 U.S.C. § 4218 establishes that Commission decisions regarding parole are committed to the discretion of the agency under the Administrative Procedure Act. This issue has been addressed by the United States Court of Appeals for the Fourth Circuit:

> Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself.

*Garcia,* 660 F.2d at 988 (citation omitted).

Petitioner claims the Parole Commission violated his right to due process because it used erroneous and illegal information to revoke his parole. Specifically, Petitioner contends that the Regional Commissioner improperly rated Petitioner's severity rating at Category Five because the Commissioner considered the element of robbery in making his determination. Petitioner's contention is without merit. As Respondent correctly notes, the full panoply of rights due a defendant in a criminal trial do not apply to a parole revocation hearing. *Morrissey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2599, 33 L.Ed.2d 484 (1972). The Commission, when making a decision in a parolee's case, may consider information pertaining to the parolee which the Commission deems important, for example, new convictions. *See United States ex rel. Goldberg v. Warden,* 622 F.2d 60 (3d Cir.1980); and *Maddox v. U.S. Parole Commission,* 821 F.2d 997 (5th Cir.1987).

Petitioner received a new criminal conviction while under parole. This is evi-

---

1. The Court takes note that Petitioner has received a parole revocation hearing and endorses Respondent's argument that should Petitioner wish to further contest the Commission's findings in this Court, he must first exhaust his administrative remedies.

dence sufficient, under the applicable law, for the Parole Commission to lawfully reach its independent conclusion pertaining to the terms of Petitioner's parole. The Court may not review the decision itself given that there is no evidence the Commission violated constitutional, statutory, regulatory, or any other restriction. Petitioner is not entitled to habeas corpus relief on this issue.

Based on the foregoing, there exists no material issue of fact and Respondent is entitled to judgment as a matter of law. Accordingly, it is

ORDERED that Respondent's Motion for Summary Judgment is GRANTED, and Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and the same is hereby, DENIED, and the above-styled action be STRICKEN from the docket of this Court.

If Petitioner should desire to appeal the decision of this Court, written Notice of Appeal must be received by the Clerk of Court within thirty (30) days from the date of entry of this Order, pursuant to Rule 4, of the Federal Rules of Appellate Procedure. The Notice of Appeal should also include a request for a certificate of probable cause which is required for an appeal by 28 U.S.C. § 2253. These documents should be submitted in duplicate.