Joseph **SAVAGE**, Petitioner-Appellant,

v.

U. S. **PAROLE BOARD**, Joseph N. Share, Parole Executive, Respondent-Appellee.

No. 19635.

United States Court of Appeals, Sixth Circuit.

March 6, 1970.

---

Joseph Savage in pro. per.

Robert J. Grace, U. S. Atty., Kenneth G. McIntyre, Asst. U. S. Atty., Detroit, Mich., for respondent-appellee.

Before COMBS, Circuit Judge, O'SULLIVAN and CECIL, Senior Circuit Judges.

## PER CURIAM.

Joseph Savage, appellant, is presently confined in the State Prison of Southern Michigan, at Jackson, serving a sentence of ten to fifteen years on a plea of guilty to unarmed robbery. He complains that he is denied certain privileges that other prisoners enjoy by reason of a detainer placed against him by the Federal Parole Board. He appeals from an order of the United States District Court for the Eastern District of Michigan denying his petition for a writ of habeas corpus directed at that detainer.

On November 20, 1959, appellant herein was sentenced in the Southern District of New York to ten years imprisonment for a narcotics violation. He was released December 3, 1965 under the Mandatory Release provisions of Section 4163 Title 18, U.S.C. His prison sentence would have expired on May 25, 1969. On or about December 8, 1965, the appellant moved to the Detroit, Michigan area where he was under the supervision of probation officer George Tensa.

The appellant, in his report to Mr. Tensa on May 31, 1967, indicated that he had not been arrested during that month. About the middle of June Mr. Tensa learned from the appellant's most recent finger print record that he had been arrested on May 10th for a narcotics violation. The appellant was taken before District Judge Levin and was released on bond. He was indicted on this narcotics offense on June 6th.

A warrant for the arrest of the appellant for parole violation was issued on June 15, 1967. It was alleged in the application for the warrant that the appellant had been indicted on June 7th for unlawful possession of narcotics. Other allegations in the application related to misconduct. The arrest warrant was not immediately executed because of the June 6th indictment. The appellant was notified of the warrant on June 20th and again on December 20th.

On or about October 5, 1967, while the narcotics indictment was still pending and before execution of the parole violator's warrant, the appellant was arrested by the Detroit authorities for the armed robbery of a jewelry store. He was unable to make bond and the warrant was filed as a detainer against him pending the outcome of the state robbery charge. He subsequently pleaded guilty to unarmed robbery and was sentenced to ten to fifteen years in the Michigan State Prison. The detainer was lodged against him at the Michigan prison and this is the subject of his complaint. The narcotics indictment was dismissed after the appellant was committed to State Prison.

The appellant claims in his petition for a writ of habeas corpus that he

was entitled to a prompt hearing[1] for revocation of his parole and that because of the Board's delay he is entitled to his unconditional release. He cites Agresti v. Parker, 285 F.Supp. 893. This case is not applicable to the facts of the case before us and we find no merit to the appellant's claim. *Agresti* holds that where a parolee is prejudiced by the Board's failure to hold a prompt hearing the parolee is entitled to an unconditional release. However, delay in and of itself is not sufficient to show prejudice.

■ Where one of the grounds for issuing the warrant was the arrest and indictment of another criminal offense the Board was justified in awaiting the outcome of that case before executing the warrant. The question of a hearing became moot when the appellant was sentenced to State Prison on his plea of guilty to unarmed robbery. In Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 249, the Court said,

"If the parolee denies the violation *and has not been validly convicted of a crime* which constitutes the violation, he must be given a suitable hearing to determine whether the violation occurred." (Emphasis added).

In Zerbst v. Kidwell, 304 U.S. 359, 363, 58 S.Ct. 872, 874, 82 L.Ed. 1399, the Court said,

"Parole is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency—under guidance and control of the Board. Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offence committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board will be practically nullified."

Judgment of the District Court affirmed.

---

1. Section 4207, Title 18, U.S.C.