Nathaniel **BURDETTE**, Petitioner-Appellant,

v.

Claude S. **NOCK**, Jr., Youth Division Executive, et al.,

and

United States **Board of Parole,** Respondents-Appellees.

No. 72–1842.

United States Court of Appeals, Sixth Circuit.

Argued June 4, 1973.

Decided June 29, 1973.

McCree, Circuit Judge, concurred in part, dissented in part and filed opinion.

---

Keller, Cohn, Downs & Svenson, by Edward M. Keller (Court Appointed), Detroit, Mich., on brief for petitioner-appellant.

Barry Blyveis, Asst. U. S. Atty., for respondent-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before WEICK, EDWARDS and McCREE, Circuit Judges.

PER CURIAM.

Petitioner has appealed from an order of the District Court denying, without a hearing, his application for a writ of habeas corpus.

On November 30, 1954, petitioner was convicted in the District Court of the offense of bank robbery and sentenced to twenty years' imprisonment, which sentence would expire on July 30, 1974. He was paroled by the United States Board of Parole on February 16, 1968, and was taken into custody by the Michigan state parole officials pursuant to a detainer. He was subsequently paroled by Michigan.

On December 24, 1969, after being paroled by Michigan, petitioner was arrested by Ferndale, Michigan police on charges of "Unlawfully Taking and Using a Motor Vehicle and Carrying a Concealed Weapon Without a Permit." In his brief filed in this Court, he states:

"Petitioner was arraigned, bond was set, and petitioner was remanded to the Oakland County Jail."

On January 20, 1970, a Warrant Application was made to the United States Board of Parole, and the Parole Board issued its warrant on January 28, 1970 for retaking of petitioner, who then had 2,536 days remaining to be served on his federal bank robbery sentence. A copy of this warrant was filed with the Oakland County authorities.

In an affidavit filed by petitioner in the District Court, he states:

"That S.P.S.M. had too filed their so-called illegal parole violation warrant; on February 26, 1971, bond was posted and on March 5, 1971, it was picked up by the parole violation detailed Correctional Officers from S.P.S.M. where it was being held by the Oakland County Authorities, on a pending charge."

Thus it would appear that if these statements are correct, petitioner was detained by the Oakland County authorities not only to answer for the charges of Motor Vehicle and Concealed Weapons violations, but also because of detainers from the Michigan as well as federal authorities for state as well as federal parole violations.

On May 27, 1971, petitioner pleaded guilty to the state charge of Unlawfully Taking Away an Automobile. The concealed weapons charge was dismissed. On July 16, 1971, he was sentenced to one year eleven months to two years' imprisonment. Petitioner was released from state custody on August 6, 1971, having completed his sentence with credit for preconviction jail time. He was later taken into custody under a federal warrant issued by the United States Parole Board.

On appeal, petitioner contends that the federal warrant should have been executed during the eighteen months when he was confined in the Oakland County jail awaiting trial on the state charges. He asserts that by failing to execute the federal parole violation warrant, the United States Parole Board waived petitioner's parole violation and lost jurisdiction. We disagree.

## 1012

■ The trouble with petitioner's contention is that the federal warrant was based on an arrest for violation of the state's criminal laws. In fairness to the defendant he should first be afforded the opportunity to have his case tried before a jury in the state court. The Federal Parole Board also ought not be required to determine the issues of the state charge prior to the trial in the state court. Further, it should be remembered that petitioner was being detained also for a state parole violation.

In any event, this case is governed by our decision in Savage v. U. S. Parole Board, 422 F.2d 1248 (6th Cir. 1970), wherein we held that the parole violation was not waived by failure to execute the warrant, and jurisdiction was not lost.

The judgment of the District Court is affirmed.

McCREE, Circuit Judge (concurring in part and dissenting in part).

I agree with the determination that the United States Parole Board did not lose jurisdiction by failing to execute the federal parole violation warrant during the eighteen months when appellant was confined awaiting trial on the state charges. However, I would remand the case for a determination, by evidentiary hearing or otherwise, by the district court whether appellant attempted to post bail on the state offense and would have been released by the state authorities but for the federal parole violation warrant.

If appellant would not have been detained for eighteen months awaiting trial on the state charges except because of the federal warrant, he should be given credit for that time against the balance of his federal sentence. This result would be consistent with the clear Congressional policy enunciated in the 1966 Amendment to Title 18 U.S.C. § 3568 that requires the Attorney General to give credit toward service of a sentence for any days spent in custody in connection with the offense or act for which sentence was imposed.