**Craig McGraw NORTHINGTON, Petitioner-Appellant,**

v.

**UNITED STATES PAROLE COMMISSION et al., Respondents-Appellees.**

No. 77–1293.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1978.

Decided Nov. 1, 1978.

Craig McGraw Northington, Daniel E. Whiteley, Jr., Cincinnati, Ohio (Court appointed—CJA), for petitioner-appellant.

Patrick H. Molloy, U. S. Atty., C. Cleveland Gambill, Asst. U. S. Atty., Lexington, Ky., for respondents-appellees.

Before EDWARDS, Circuit Judge, PECK, Senior Circuit Judge, and BALLANTINE,* District Judge.

EDWARDS, Circuit Judge.

Appellant Northington appeals from a denial of his federal habeas corpus petition. The District Judge in the Eastern District of Kentucky who denied this petition recited the facts as follows:

Petitioner, who was sentenced to a term of four (4) to six (6) years under the Youth Corrections Act, 18 U.S.C. § 5010(b), was released on parole on May 14, 1975. A parole violator warrant was issued against petitioner on December 8, 1975. That warrant, as supplemented, was executed on July 19, 1976 when petitioner was arrested in Paducah, Kentucky following his state court convictions for drug trafficking. Petitioner was delivered to the Ashland facility on September 8, 1976. On November 8, 1976, approximately one hundred and fourteen (114) days after petitioner's arrest, a parole revocation hearing was held. According to the affidavit of J. Wayne Allgood, Administration Hearing Examiner for the Southeast Region of the United States Parole Commission, petitioner's revocation hearing was delayed past the statutory time limit because the Record

---

* Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation.

Office did not make a computation on the time remaining to be served by petitioner until October 14, 1976 and petitioner was, therefore, scheduled for the next available hearing date of November 10, 1976.

The sole issue presented in this appeal is appellant's contention that 18 U.S.C. § 4214(c) (1976) (28 C.F.R. § 2.49(e)) had been violated by the Parole Commission because the hearing which revoked his parole was held 114 days after he had been arrested on a parole violator warrant, whereas the statute provides that he shall "receive a revocation hearing within ninety days of the date of retaking." 18 U.S.C. § 4214(c) (1976).

While, as petitioner contends, this is written in mandatory language, we believe we are required to take cognizance of the intentions of Congress, as stated on the floor of the House and Senate by Representative Kastenmeier and Senator Burdick, the respective managers of the bill concerned. In commenting on the deadlines contained in the bill, Representative Kastenmeier reported to the House of Representatives:

If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.

\* \* \* \* \* \*

[I]f for some reason they were unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 1361 U.S.C. 82 (sic 28), which is an action in mandamus to compel an employee of the United States to perform his duty. 122 Cong. Rec. H1500 (March 3, 1976).

Similarly commenting on the same topic, Senator Burdick stated to the Senate:

[T]he conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody. 122 Cong.Rec. S2573 (March 2, 1976).

The District Judge held that since the statute contained no specific remedy for failure on the part of the Commission to meet the 90-day deadline, and this record disclosed no prejudice to this petitioner which could conceivably violate speedy trial constitutional standards, that the petition for writ of habeas corpus should be denied. He said:

Petitioner's parole revocation hearing was held one hundred and fourteen (114) days after execution of the parole violator warrant, or twenty four (24) days after the time limit of § 4214(c) expired. Thus, the delay petitioner experienced is not so lengthy that *per se* prejudice may be inferred. *United States ex rel. Hahn v. Revis*, 520 F.2d 632, 639 (7th Cir. 1975); *United States ex rel. Sims v. Sielaff*, 419 F.Supp. 140, 142 (N.D.Ill.1976). Accordingly, petitioner is entitled to habeas corpus relief only upon "a showing of demonstrated prejudice severe enough to render the revocation hearing inadequate in terms of relief." *Johnson v. Holley, supra* at 119 [528 F.2d 116 (7th Cir. 1975)]. Some of the elements of grievous loss that may result from a delay include "possible prejudice in opportunity to defend against charge of violation or to demonstrate mitigating circumstances." *Hahn, supra* at 637. In the case at bar petitioner has not pointed to any harms occasioned by the twenty-four (24) day delay and, moreover, petitioner has admitted the charged parole violations. Thus, the Court concludes that the delay suffered by petitioner, standing alone, is not sufficient grounds to overturn the parole revocation proceeding and order petitioner's release on parole. *Cleveland v. Ciccone, supra* at 1089 [517 F.2d 1082 (8th Cir. 1975)]; *Savage v. United States Board of Parole*, 422 F.2d 1248, 1250 (6th Cir. 1970); *McGee v. Warden, United States Penitentiary*, 395 F.Supp. 181, 185 (M.D.Pa.1975).

*Northington v. United States Parole Commission*, No. 76–126 (E.D.Ky. March 23, 1977) at 3–4.

In accordance with the Congressional intent previously referred to, we find no error in the District Court's denial of the petition for writ of habeas corpus. As the District Judge found, this record discloses no prejudice to appellant in this relatively short delay.

We consider this case distinguishable from *United States ex rel. Hahn v. Revis*, 520 F.2d 632, 639 (7th Cir. 1975), *vacated*, 560 F.2d 264 (7th Cir. 1977), both in the much greater delay involved in the *Revis* case and in the fact that the Seventh Circuit was there construing a preceding statute as to which the legislative history recited above was not applicable. We note also that the Seventh Circuit vacated its 1975 *Revis* opinion in order to conform its decision to the logic of *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

Our opinion is consistent, we believe, with the Seventh Circuit's opinion in *Bryant v. Grinner*, 563 F.2d 871 (7th Cir. 1977). It is, we believe, also consistent with the reasoning of the Supreme Court in *Moody v. Daggett, supra*, and *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

The judgment of the District Court is affirmed.