833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gary Ray ANDERSON, Petitioner-Appellant,
v.
Bill KELLY, Sheriff of Wise County, Virginia, Attorney
General of the United States, US Parole
Commission, Southeast, Respondents-Appellees.
 No. 87-7589.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 5, 1987.
Decided: Nov. 17, 1987.
 
 Gary Gray Gilliam for appellant.
 Jerry Walter Kilgore, Assistant United States Attorney (John P. Alderman, United States Attorney on brief) for appellee.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gary Ray Anderson appeals the decision of the district court denying his petition for a writ of habeas corpus. Anderson's probation was revoked by the United States Parole Commission due to parole violations. He contends that the Commission's revocation action, coming seven months after it became aware of the violations, violates 18 U.S.C. Sec. 4213 (1982) which requires that any warrant for parole revocation be issued "as soon as practicable" after discovery of the violation. Finding that Anderson was not prejudiced by the Commission's delay in issuing the warrant against him, we affirm.
 
 
 2
 In September 1986, Anderson's parole officer, Ronald Smith, requested the Commission to issue a parole violation warrant based on a criminal conviction and four administrative violations which Anderson was alleged to have committed. The criminal conviction occurred in the state of Kentucky and was a misdemeanor conviction for theft by deception under $100.00. The four alleged administrative violations were: failure to report change in residence; failure to report to the probation officer as required; failure to report change in employment; and failure to submit supervision reports. Smith also advised the Commission that Anderson was facing numerous other criminal warrants for various alleged offenses for which he had not yet been tried. On October 14, 1986, the Commission decided to withhold action on issuing the warrant pending trial on the outstanding charges.
 
 
 3
 In December 1986 Smith again requested that the Commission issue a parole violation warrant. He repeated the grounds previously submitted and added an additional misdemeanor conviction for theft and an additional administrative violation, Anderson's failure to report to his federal probation officer after release from custody by detaining authorities in October 1986. The Commission issued a parole violation warrant on January 13, 1987, but listed as grounds only the two theft convictions and the administrative offense of failure to report to a probation officer after release by detaining authorities.
 
 
 4
 Anderson filed his petition for a writ of habeas corpus in the district court, and while it was pending, the Commission determined that the two criminal offenses were invalid grounds for revocation because they occurred at a time when he was not on parole. It determined, however, that his failure to report his release by detaining authorities in October 1986 was an actionable offense. The Commission withdrew the criminal violation charges and issued a supplemental warrant application on May 1, 1987, listing as grounds the "failure to report release" violation and three of the other administrative violations that had been listed in Smith's first request, but which had not been listed in the original warrant.[1]
 
 
 5
 The Commission held a parole revocation hearing for Anderson on May 12, 1987. It made a finding of fact that Anderson had committed the parole violation of failure to report after his release from detention in October 1986 as well as the three other administrative violations charged in the supplemental warrant. The Commission rated Anderson's violations as Category One Severity with a suggested range of confinement of eight to twelve months, as provided by the guidelines. It determined that partial credit against his original sentence for time spent on parole entitled Anderson to a presumptive parole date seven months after the date he was returned to custody.
 
 
 6
 Anderson's sole contention on appeal is that the Parole Commission's delay in pursuing the revocation of his parole violated the terms of 18 U.S.C. 4213. That section provides, in pertinent part:
 
 
 7
 (a) If any parolee is alleged to have violated his parole, the Commission may--
 
 
 8
 (1) summon such parolee to appear at a hearing conducted pursuant to section 4214; or
 
 
 9
 (2) issue a warrant and retake the parolee as provided in this section.
 
 
 10
 (b) Any summons or warrant issued under this section shall be issued by the Commission as soon as practicable after discovery of the alleged violation, except when delay is deemed necessary. Imprisonment in an institution shall not be grounds for delay of such issuance, except that, in the case of any parolee charged with a criminal offense, issuance of a summons or warrant may be suspended pending disposition of the charge.
 
 
 11
 Anderson concedes that section 4213(b) specifically allows the Commission to suspend the issuance of a warrant pending disposition of a criminal charge. He contends, however, that when, as here, both criminal and administrative violations exist, the Commission may not delay issuing a warrant for the administrative violations pending disposition of the criminal charges, but rather must issue the warrant "as soon as practicable after discovery of the alleged violation...."
 
 
 12
 It is not necessary for us to consider that contention. Even if the Commission failed to issue a warrant as soon as practicable after it became aware of the administrative violations, to be entitled to relief Anderson must demonstrate he was prejudiced by the delay. Northington v. U.S. Parole Commission, 587 F.2d 2, 4 (6th Cir.1978); Gaddy v. Michael, 519 F.2d 669, 673 (4th Cir.1975), cert. denied, 429 U.S. 998 (1976). In determining whether a parolee was prejudiced by delay, we focus on whether he was hampered in his ability to defend himself on the charges at the revocation hearing. Sutherland v. McCall, 709 F.2d 730, 733 (D.C.Cir.1983); Gaddy, 519 F.2d at 678. Although the Commission delayed issuing a warrant until January 13, 1987, and did not assert some of Anderson's administrative violations until May 1, 1987, there is no indication that any defense available to Anderson in October 1986 was not fully available to him at the time of his parole hearing.
 
 
 13
 Additionally, one ground listed in the January 1987 warrant was only brought to the Commission's attention in December 1986. That ground, "failure to report release in October 1986," was in itself sufficient grounds for revocation. Under the parole guidelines in 28 C.F.R. Sec. 2.20-21 (1986), the Commission rated the administrative violations as Category One severity. That severity rating is appropriate whether the violator has committed only one or several administrative violations. Therefore, Anderson's sentence would have been the same if he had only been found guilty of failing to report after release, a violation upon which the Commission acted within a month of its discovery. Whether or not the three additional violations were asserted as soon as practicable, they added nothing to the severity of Anderson's sentence.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 These three violations were: failure to report change in residence; failure to report to the probation officer as required; and failure to submit supervision reports