996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. DOLFI, Petitioner-Appellant,
v.
Joseph BOGAN, Respondent-Appellee.
 No. 93-1159.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1993.
 
 Before MERRITT, Chief Judge and GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 James E. Dolfi, a pro se federal prisoner, appeals from a judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Dolfi pleaded guilty to one count of distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 2, and to one count of conspiring to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. On March 28, 1985, Dolfi was sentenced to serve three years imprisonment on each count, to run consecutively. A special parole term of ten years was imposed. On October 13, 1988, Dolfi was released from prison, and on May 13, 1990, he commenced serving his special parole term.
 
 
 3
 In March of 1991, Dolfi pleaded no contest in the Parma, Ohio, Municipal Court to attempted possession of a weapon while under a disability. Upon information of Dolfi's conviction, his parole officer issued a warrant for parole violation on June 10, 1991, and Dolfi was arrested on June 18, 1991. By letter dated July 2, 1991, Dolfi was informed that the Parole Commission had determined that probable cause existed to believe that Dolfi had violated the conditions of his special parole.
 
 
 4
 On September 18, 1991, a revocation hearing was conducted at the Federal Correctional Institution in Milan, Michigan. The Commission determined that special parole should be revoked, that none of the time spent by Dolfi on parole should be credited, and that Dolfi should continue to a presumptive parole after the service of twenty-four months imprisonment, with a drug after-care condition. Dolfi appealed to the National Appeals Board, which affirmed the decision below.
 
 
 5
 Dolfi then filed his petition for a writ of habeas corpus, claiming that he should be released from incarceration as he was not granted a preliminary interview within thirty days of his arrest pursuant to the parole violator warrant. The district court determined that Dolfi was not entitled to a preliminary hearing and that he was not entitled to relief based upon the ninety-two day period between his arrest and the holding of a revocation hearing.
 
 
 6
 On appeal, Dolfi argues that even if a conviction constitutes probable cause to believe that parole had been violated, this alone does not waive the Parole Commission's obligation to conduct a preliminary hearing. Further, Dolfi argues that he was entitled to relief because the Parole Commission failed to hold a revocation hearing within 90 days of the date of execution of the parole violator warrant.
 
 
 7
 The revocation of parole implicates a liberty interest which cannot be denied without certain procedural protections. Morrissey v. Brewer, 408 U.S. 471, 482-83 (1972). Due process requires some inquiry as to whether there is probable cause to believe that one has violated his parole and also requires an opportunity to contest the alleged parole violation at a hearing. Id. at 485-89. Morrissey, however, did not create an inflexible structure for parole revocation procedures. Id. at 491.
 
 
 8
 Those procedures are set forth in 18 U.S.C. § 4214. This statute does not afford a preliminary hearing to those who are convicted of a federal, state or local crime, as that conviction constitutes probable cause to believe that parole has been violated. 18 U.S.C. § 4214(b)(1); see also Moody v. Daggett, 429 U.S. 78, 86 n. 7 (1976); McDonald v. New Mexico Parole Bd., 955 F.2d 631, 633 (10th Cir.1991). Therefore, Dolfi was not entitled to a preliminary hearing as his conviction constituted probable cause to believe that his parole had been violated.
 
 
 9
 Dolfi's argument that he is entitled to relief because the Parole Commission failed to hold a revocation hearing within 90 days of the date of the execution of the violator warrant is also not well-taken. The Parole Commission shall provide a revocation hearing to the alleged parole violator within 90 days of the alleged violator's retaking into custody. 18 U.S.C. § 4214(c); Northington v. United States Parole Comm'n, 587 F.2d 2, 3 (6th Cir.1978). However, the failure to hold such a hearing within 90 days does not entitle a petitioner to habeas relief unless he can demonstrate severe prejudice. Northington, 587 F.2d at 3-4. Absent prejudice, a parolee's remedy is limited to compelling the Parole Commission to conduct a hearing. Heath v. United States Parole Comm'n, 788 F.2d 85, 89 (2d Cir.), cert. denied, 479 U.S. 953 (1986). We are satisfied that Dolfi has not demonstrated the type of prejudice that would entitle him to habeas relief.
 
 
 10
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.