Derrick BRADFORD, Petitioner,

v.

John J. LAMANNA, et
al., Respondents.

Nos. 4:00 CV 1422, 4:01 CV 774.

United States District Court,
N.D. Ohio,
Eastern Division.

July 16, 2001.

Derrick Bradford, Lisbon, OH, Pro se.

Marlon A. Primes, Office of the U.S. Atty., Cleveland, OH, for Respondents.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is· before the Court upon Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2241 on June 7, 2000(Dkt.# 1). The government filed Defendant's Reply to the Petition ("Defs.' Reply Pet.") on September 13, 2000 (Dkt.# 7); the Defendant's Supplemental

Reply to the Petition on November 8, 2000 (Dkt.# 8); Federal Respondents' Status Report and Supplemental Response on January 11, 2001(Dkt.# 7); and Respondents' Response on April 5, 2001 (Dkt.# 12). Petitioner also filed a Petition for Writ of Habeas Corpus pursuant to § 2241 on August 22, 2000, with the United States District Court in the District of Columbia. This Petition was transferred to this Court on February 28, 2001. For the reasons set forth below, the Petition is **DENIED**.

### FACTS

On January 9, 1985, Petitioner was sentenced to a term of 27 years imprisonment for armed robbery by the Superior Court of the District of Columbia ("D.C. Superior Court".) (Defs.' Reply at Exhibit 1.) On July 2, 1992, Petitioner was released on parole and was to be supervised in the Washington, D.C. area until December 10, 2010.

On February 15, 1996, a five count indictment was filed against Petitioner in the United States District Court for the District of Columbia ("D.C. District Court"). On April 22, 1996, Petitioner pleaded guilty to Count Two of the indictment, which charged him with violating 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2, using and carrying a firearm during a drug trafficking offense, and aiding and abetting. On June 5, 1996, Petitioner was sentenced to a term of 60 months imprisonment, to be followed by 3 years of supervised release.

At the same time, two counts of possession with intent to distribute heroin resulting from an arrest of the Petitioner made on June 1, 1994 were pending before the

D.C. Superior Court. In connection with the June 1, 1994 arrest, Petitioner was also charged as a parole violator by the D.C. Board of Parole ("Board of Parole".) On May 22, 1997, while Petitioner was serving his federal sentence, he was found guilty of the charges stemming from the June 1, 1994 arrest during a jury trial in the D.C. Superior Court. The D.C. Superior Court imposed a sentence of four to twelve years. As a result of the D.C. Superior Court conviction, two detainer notices were issued. The first detainer notice was issued on November 14, 1997 by the D.C. Superior Court. (Petition at Exhibit E.) The second detainer was issued on November 16, 1998 by the Board of Parole. (*Id.* at Exhibit C.)

On March 30, 1999, the Court of Appeals for the District of Columbia vacated Bradford's conviction in connection with the June 1, 1994 charges. Consequently, on March 13, 2000, the November 14, 1997 D.C. Superior Court detainer was removed. (Pet. Writ Habeas Corpus at Exhibit I.) Nonetheless, on March 9, 2000 the Board of Parole issued an order to maintain the November 16, 1998 detainer, based upon "allegations of criminal and noncriminal violations of parole."[1] (Defs.' Reply at Exhibit 14.)

Petitioner completed his 60 month sentence at the Federal Correctional Institution at Elkton, Ohio "FCI Elkton" and was released on May 31, 2000. However, upon Petitioner's release, the Board of Parole's November 16, 1998 detainer warrant was executed.Consequently, Petitioner was detained at FCI Elkton.

On August 21, 2000, Petitioner received a letter stating that the U.S. Parole Com-

---

1. The Petitioner claims that he received notice that the detainer issued on November 16, 1998 was to be removed, however, the notice that Petitioner received concerned the November 14, 1997 D.C. Superior Court detainer. The D.C. Superior Court ordered the removal of the November 14, 1997 detainer when the D.C. Court of Appeals vacated the Petitioner's conviction that arose from the June 1, 1994 arrest. The detainer issued by the Board of Parole on November 16, 1998 remained in effect.

mission ("Commission")[2] had found probable cause to believe he had violated his parole with regard to the charges from his arrest on June 1, 1994 and from his 1996 federal conviction. (Defs.' Reply at Exhibit 19.) Petitioner's parole revocation hearing was held on September 25, 2000. On October 18, 2000, Commission issued a Notice of Action stating that Petitioner's release was deferred 90 days as a result of the Commission's determination that further investigation of Petitioner's involvement in a murder was necessary. (Federal Resp't's Status Report at Attachment 2.) On October 25, 2000, the Commission issued a Notice of Action stating that it needed to determine whether Petitioner was a more serious risk than indicated by the salient factor score. (*Id.* at Attachment 3.) On January 8, 2001, the Commission issued a Notice of Action informing Petitioner that his parole had been revoked and that he would have another parole revocation hearing in January of 2001. (*Id.* at Attachment 5.)

Petitioner's second parole revocation hearing was held on January 17, 2001. On February 12, 2001, the Commission issued a Notice of Action stipulating August 22, 2001 as Petitioner's parole effective date. (Resp'ts' Resp. at Exhibit B.) The Commission noted that the parole effective date was contingent upon an investigation by the D.C. Court Services and Offender Supervision Agency ("CSOSA"). Petitioner currently remains incarcerated at FCI Elkton.

## JURISDICTION

■ The Court has jurisdiction to hear this claim under 28 U.S.C. § 2241. The appropriate procedure for a federal prisoner to challenge the manner in which the BOP is executing his or her sentence is through filing a 28 U.S.C. § 2241 petition for writ of habeas corpus. *See United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991); *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). In addition, as the petition filed by Petitioner with the D.C. District Court on August 22, 2000, raises the same issues as the petition filed with this Court on June 7, 2000, the Court will consider the two petitions simultaneously.

## LAW AND ANALYSIS

Petitioner's parole status was revoked upon the termination of his federal sentence on May 31, 2000, when the Board of Parole detainer warrant was executed and Petitioner was detained at FCI Elkton. Petitioner claims that his continued detention at FCI Elkton is a violation of his due process liberty interest. (Petition at p. 1.)

■ The Supreme Court addressed the question of what is required under due process before an individual's parole status may be revoked in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The Supreme Court found that there must be two opportunities for some type of informal hearing. *Id.* at 485–488, 92 S.Ct. 2593. First, the parolee is entitled to a preliminary hearing to determine if probable cause exists to believe that the individual violated his parole conditions. *Id.* at 485, 92 S.Ct. 2593. Second, a parolee is entitled to a revocation hearing prior to the final decision on revocation by the

---

**2.** The U.S. Parole Commission assumed the responsibility of making parole release decisions for all eligible D.C.Code felony offenders on August 5, 1998, pursuant to the National Capital Revitalization and Self–Government Improvement Act of 1997, Pub.L. No. 105–33, § 11231(a)(1), 111 Stat. 712, 745 (Aug. 5, 1997). Effective August 5, 2000, the Commission was given the remaining responsibilities of the former D.C. Board of Parole regarding the supervision of parolees and the revocation of parole for release violations. § 11231(a)(2) of the Act, codified at D.C.Code § 24–1231(a)(2).

parole authority. *Id.* at 487–88, 92 S.Ct. 2593. This revocation hearing "must be tendered within a reasonable time after the parolee is taken into custody." *Id.* at 488, 92 S.Ct. 2593.

In *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Supreme Court found that the event that triggers the right to a prompt revocation hearing occurs when the parolee is "taken into custody as a parole violator by execution of the warrant." *Id.* at 89, 97 S.Ct. 274. *See United States v. Chaklader,* 987 F.2d 75, 77 (1st Cir.1993)(*per curiam*) (noting that the speedy revocation hearing protection under the Due Process Clause is "not triggered when the warrant is placed as a detainer at an institution where the ... parolee is already in custody awaiting disposition of an intervening charge or serving a sentence for a crime committed while on [parole]") (*quoting United States v. Wickham,* 618 F.2d 1307, 1309 n. 3 (9th Cir.1979)). In this case, Petitioner's due process right to a revocation hearing was triggered when he was detained at FCI Elkton on May 31, 2000, following his release from the 60 month federal sentence he had finished serving. Pursuant to *Morrissey,* Petitioner would have been entitled to a preliminary hearing to establish probable cause for a parole violation. *Morrissey,* 408 U.S. at 485, 92 S.Ct. 2593. However, in *Sneed v. Donahue,* 993 F.2d 1239 (6th Cir.1993), the Sixth Circuit found that a parolee's incarceration for an offense committed while on parole established probable cause for a

parole violation, and that, therefore, there was no need for a preliminary hearing. *Id.* at 1241. In this case, Petitioner was convicted of federal charges brought against him on June 5, 1996, while he was on parole. Consequently, Petitioner's federal conviction established probable cause for his parole violation, and there was no need for a preliminary hearing.

Also, pursuant to *Morrissey*'s second requirement, Petitioner was entitled to a parole revocation hearing, within a reasonable amount of time of his detainment, before the final decision to revoke his parole. *Morrissey* 408 U.S. at 487–488, 92 S.Ct. 2593. What constitutes a reasonable amount of time within which the Commission must conduct a parolee's final revocation hearing is codified under 18 U.S.C. § 4214(c). Under § 4214(c), the Commission is required to hold a final revocation hearing within ninety days of the date of detaining a parolee.

The record shows that Petitioner's parole revocation hearing was held on September 25, 2000, approximately four months after he was detained (twenty-seven days after the statutory ninety day limitation had expired.) The Sixth Circuit has found that the failure to hold a revocation hearing within 90 days of detainment does not entitle a petitioner to habeas relief unless he can demonstrate severe prejudice. *Northington v. United States Parole Commission,* 587 F.2d 2, 3–4 (6th Cir.1978).[3] In that case, the petitioner's revocation hearing was held twenty four days beyond the ninety day time limit set

---

**3.** In *Northington,* the Sixth Circuit stated:

[W]e believe we are required to take cognizance of the intentions of Congress, as stated on the floor of the House and Senate by Representative Kastenmeier and Senator Burdick, the respective managers of the bill concerned. In commenting on the deadlines contained in the bill, Representative Kastenmeier reported to the House of Representatives:

If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly. [I]f for some reason they were unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 1361 U.S.C. 82 (sic 28), which is an action in

forth in § 4214(c). The Sixth Circuit stated that:

> the delay petitioner experienced is not so lengthy that *per se* prejudice may be inferred. Accordingly, petitioner is entitled to habeas corpus relief only upon "a showing of demonstrated prejudice severe enough to render the revocation hearing inadequate in terms of relief." Some of the elements of grievous loss that may result from a delay include "possible prejudice in opportunity to defend against charge of violation or to demonstrate mitigating circumstances."(*citations omitted* ).

*Northington,* 587 F.2d at 3.

In addition, the Sixth Circuit found that prejudice could not be inferred when the petitioner's revocation hearing was held one month after the expiration of the ninety day time limit set forth in § 4214(c). *See Dolfi v. Bogan,* 996 F.2d 1214, 1993 WL 213683, *2 (6th Cir.Mich.1993). In this case, in light of both *Northington* and *Dolfi,* the fact that Petitioner's revocation hearing was held twenty-seven days after the ninety day statutory limit expired does not lead to an inference of prejudice. Moreover, Petitioner has not submitted to this Court any evidence that the delay resulted in "prejudice in [his] opportunity

to defend against [the] charge of violation or to demonstrate mitigating circumstances." *Northington,* 587 F.2d at 3. Consequently, the revocation hearing was held within a reasonable period of time.[4]

In light of the above analysis, Petitioner was not entitled to a probable cause hearing and did, in fact, have a revocation hearing within a reasonable period of time. Therefore, Petitioner's due process rights have not been violated in this case.

### CONCLUSION

Accordingly, as Petitioner's petition pursuant to 28 U.S.C. § 2241 is without merit, his requests for an expedited hearing and for bail are denied. For the foregoing reasons, this case is **DISMISSED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**IT IS SO ORDERED.**

---

mandamus to compel an employee of the United States to perform his duty. 122 Cong.Rec. H1500 (March 3, 1976).

Similarly commenting on the same topic, Senator Burdick stated to the Senate:

(T)he conferees acknowledge that from time to time extraordinary reasons may result in delay in making any of the decisions. If a legal remedy is necessary in the absence of good faith effort on the part of the Commission, the remedy available to the prisoner or parolee is to compel the decision, not release from custody. 122 Cong. Rec. S2573 (March 2, 1976).

*Northington v. United States Parole Commission,* 587 F.2d 2, 3 (6th Cir.1978).

4. The record shows Petitioner had a second revocation hearing on January 17, 2001. As a

result of that hearing, Petitioner was given a release date of August 22, 2001. Petitioner did not expressly challenge the decisions of the Commission. However, even *assuming arguendo* that Petitioner did challenge the Commission's findings, under 18 U.S.C. § 4218(d), the Commission's substantive decision to grant or deny parole is an action "committed to agency discretion" under the Administrative Procedure Act, 5 U.S.C. § 701(a)(2), and thus is insulated from judicial review. Moreover, the Sixth Circuit has stated that neither the U.S. Parole Commission's findings of fact nor its credibility determinations are subject to review by this Court. *See Farkas v. United States,* 744 F.2d 37, 38–39 (6th Cir.1984). Accordingly, this Court does not have jurisdiction to review the Commission's revocation decision.