**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARPENTERS LOCAL UNION 721, an unincorporated association, | No. 18-56178 |
| Plaintiff-Appellee, | D.C. No. 2:17-cv-04426-DSF-MRW |
| v. | |
| PHIL LIMON, an individual, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 4, 2020
Pasadena, California

Before: THOMAS, Chief Judge, and WARDLAW and NGUYEN, Circuit Judges.

Phil Limon, a former elected officer of the Electronic and Space Technicians

Local 1553, appeals the district court's grant of summary judgment in favor of

Carpenters Local Union 721 ("Local 721") on its breach of fiduciary duty claim

under section 501 of the Labor-Management Reporting and Disclosure Act

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

("LMRDA"), 29 U.S.C. § 501; the dismissal of his counterclaims for violations of the LMRDA and California common law; and the denial of his motion for a jury trial. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Local 721 has Article III standing to pursue its claims. It is undisputed that, upon Local 1553's dissolution, Local 721 became the bargaining representative for Local 1553's former members. Given that unions play a "paramount role, under federal labor law, in protecting the interests of their members," *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 556 n.6 (1996), Local 721 has Article III standing to pursue its claims on behalf of its members, *Am. Diabetes Ass'n v. U.S. Dep't of the Army*, 938 F.3d 1147, 1154–55 (9th Cir. 2019).

2.      The district court properly granted Local 721 summary judgment on its § 501 claim.[1] Section 501(a) sets forth the duties of union officers to both the union and its members. It requires union officers, "taking into account the special problems and functions of a labor organization" to:

---

[1] Because Limon did not challenge Local 721's right to file an action under § 501(a), we assume, without deciding, that § 501(a) establishes a private right of action for unions. *See Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979) ("The question whether a cause of action exists is not a question of jurisdiction, and therefore may be assumed without being decided.").

**[i]** hold [the union's] money and property solely for the benefit of the organization and its members and **[ii]** to manage, invest, and expend the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder, **[iii]** to refrain from dealing with such organization as an adverse party or in behalf of an adverse party in any matter connected with his duties and **[iv]** from holding or acquiring any pecuniary or personal interest which conflicts with the interests of such organization, and **[v]** to account to the organization for any profit received by him in whatever capacity in connection with transactions conducted by him or under his direction on behalf of the organization.

§ 501(a).

Like "[m]ost courts," we "have taken the 'broad view' of [§] 501 and interpreted it as establishing the fiduciary duties of labor organization officers in all their functions"—"even when no monetary interest of the union is involved." *Stelling v. Int'l Bhd. of Elec. Workers Local Union No. 1547*, 587 F.2d 1379, 1386 (9th Cir. 1978) (internal citation omitted).

The district court properly determined that Limon breached his fiduciary duty to Local 1553's members by sending "attorney-client communications" that he received in his official capacity as a union officer, "to two individuals who, at the time, had interests adverse to the organization." *See* § 501(a) (prohibiting union officer from dealing with union "as an adverse party or in behalf of an adverse party in any matter connected with his duties"); *see also Stelling*, 587 F.2d

3

at 1387 ("Congress intended [§ 501] to apply to fiduciary responsibilities of union officials . . . *in any area of their authority*" (emphasis added)).

3.      The district court properly dismissed Limon's first counterclaim under the *Noerr-Pennington* doctrine, which "derives from the Petition Clause of the First Amendment and provides that 'those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct.'" *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–44 (9th Cir. 2009) (quoting *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006)). It "shields individuals from, *inter alia*, liability for engaging in litigation." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1047 (9th Cir. 2015). Here, the first counterclaim was solely based on Local 721's lawsuit, the filing of which is protected under the *Noerr-Pennington* doctrine. The district court properly concluded that the lawsuit was not baseless and, therefore, that the sham exception did not apply. *See  Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 60 (1993) ("Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation.").

The district court also properly dismissed Limon's second and third counterclaims against Local 721 because the national union, the United

Brotherhood of Carpenters and Joiners, and not Local 721, dissolved Local 1553 and merged it into Local 721.

**AFFIRMED.**